**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
Sabrina A. Beldner (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Amy E. Beverlin, Esq. (SBN 284745)
    Email: abeverlin@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Telephone: 310.315.8200
Facsimile: 310.315.8210

Sylvia J. Kim (SBN 258363)
    Email: skim@mcguirewoods.com
2 Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendants
CENTERRA SERVICES INTERNATIONAL, INC.,
CENTERRA GROUP, LLC, WACKENHUT SERVICES, INC. and
G4S GOVERNMENT SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE MONARREZ individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>CENTERRA GROUP, LLC, an unknown business entity; CENTERRA SERVICES INTERNATIONAL, INC., an unknown business entity; WACKENHUT SERVICES, INC., an unknown business entity; G4S GOVERNMENT SOLUTIONS, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO: 2:21-cv-03596- JWH-PLA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447:**<br><br>**(1)  REQUEST FOR JUDICIAL NOTICE**<br><br>**(2)  MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>    ***Filed Under Separate Cover:***<br><br>**(3)  DECLARATION OF JOHN BOLEN**<br><br>Date:     July 2, 2021<br>Time:     9:00 a.m.<br>Crtrm.:   2<br>Judge:    Hon. John W. Holcomb |

146084551.4

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

REQUEST FOR JUDICIAL NOTICE ...............................................................viii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I.    INTRODUCTION ....................................................................................... 1

II.   STATEMENT OF FACTS .......................................................................... 1

      A.    PLAINTIFF'S COMPLAINT .......................................................... 1

      B.    DEFENDANTS' REMOVAL DATA AND EVIDENCE .................... 2

III.  APPLICABLE LEGAL STANDARDS FOR CAFA REMOVALS ............... 3

IV.   PLAINTIFF HAS FAILED TO MEET HER BURDEN TO PROPERLY
      CHALLENGE DEFENDANTS' CAFA AIC ALLEGATIONS ...................... 4

V.    DEFENDANTS HAVE ESTABLISHED THAT THE AIC MORE
      LIKELY THAN NOT EXCEEDS $5 MILLION ........................................... 5

      A.    DEFENDANTS' EVIDENCE IN SUPPORT OF THEIR CALCULATIONS .......... 5

      B.    THE UNPAID WAGES CLAIMS AIC IS $2,401,806.24 ............................. 8

      C.    THE BREAK VIOLATIONS CLAIMS AIC IS $2,269,924.33 ..................... 12

      D.    THE WAITING TIME PENALTIES CLAIM AIC IS $2,758,312.65 ............ 17

      E.    THE WAGE STATEMENT PENALTY CLAIM AIC IS $1,076,400 ............. 21

      F.    THE RECORDKEEPING PENALTIES CLAIM AIC IS $267,000 ................. 23

      G.    PLAINTIFF DOES NOT CHALLENGE THE ATTORNEYS' FEES AIC .......... 24

VI.   CONCLUSION ......................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Altamirano v. Shaw Indus., Inc.*,
 2013 WL 2950600 (N.D. Cal. June 14, 2013) ............................................. 18, 20

*Andrade v. Beacon Sales Acquisition, Inc.*,
 2019 WL 4855997 (C.D. Cal. Oct. 1, 2019) ........................................................ 7

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
 2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ........................................... 5, 14, 22

*Arias v. Residence Inn by Marriott*,
 936 F.3d 920 (9th Cir. 2019) ...................................................... 3, 4, 6, 19

*Bazuaye v. INS*,
 79 F.3d 118 (9th Cir.1996) .................................................................. 24

*Behrazfar v. Unisys Corp.*,
 687 F.Supp.2d 999 (C.D. Cal. 2009) .......................................................... 4

*Byrd v. Masonite Corp.*,
 2016 WL 2593912 (C.D. Cal. May 5, 2016) ................................................... 11

*Chavez v. JPMorgan Chase & Co.*,
 888 F.3d 413 (9th Cir. 2018) ............................................................... 24

*Cohn v. Petsmart, Inc.*,
 281 F.3d 837 (9th Cir. 2002) ................................................................ 3

*Cortez v. Parker-Hannifin Corp.*,
 2020 WL 5905435 (C.D. Cal. Oct. 6, 2020) ........................................... 5, 12, 13

*Danielsson v. Blood Centers of Pac.*,
 2019 WL 7290476 (N.D. Cal. Dec. 30, 2019) ................................................. 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
 574 U.S. 81 (2014) ................................................................ 3, 4, 6, 13, 19

*Dawson v. Hitco Carbon Composites, Inc.*,
 2016 WL 7235629 (C.D. Cal. Dec. 14, 2016) .................................................. 7

*Eberle v. City of Anaheim*,
    901 F.2d 814 (9th Cir. 1990) ................................................................24

*Ehrman v. Cox Comm'ns, Inc.*,
    932 F.3d 1223 (9th Cir. 2019) ..............................................................3

*Elizarraz v. United Rentals, Inc.*,
    2019 WL 1553664 (C.D. Cal. Apr. 9, 2019) .......................................16

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) ................................................................24

*Garibay v. Archstone Communities, LLC*,
    539 F. App'x 763 (9th Cir. 2013) ....................................13, 14, 19, 20

*Garza v. Brinderson Constructors, Inc.*,
    178 F.Supp.3d 906 (N.D. Cal. 2016) ...................................................19

*Geerlof v. C & S Wholesale Grocers, Inc.*,
    2014 WL 1415974 (E.D. Cal. Apr. 14, 2014) .......................................3

*Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*,
    379 F. App'x 634 (9th Cir. 2010) .........................................................3

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ..............................................................24

*Herrera v. Carmax Auto Superstores Cal., LLC*,
    2014 WL 12586254 (C.D. Cal. June 12, 2014) .......................4, 9, 11, 14

*Hines v. Constellis Integrated Risk Mgmt. Servs.*,
    2020 WL 5764400 (C.D. Cal. Sept. 25, 2020) ................................7, 25

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) .....................................................3, 4, 6

*Janis v. Health Net, Inc.*,
    472 F. App'x 533 (9th Cir. Mar. 20, 2012) ...........................................6

*Jimenez v. Allstate Ins. Co.*,
    2011 WL 65764 (C.D. Cal. Jan. 7, 2011) .............................................7

*Lewis v. Verizon Commc'ns, Inc.*,
    627 F.3d 395 (9th Cir. 2010) ...................................................5, 14, 20

*Long v. Destination Maternity Corp.*,
    2016 WL 1604968 (S.D. Cal. Apr. 21, 2016) ...................................................... 14

*Lopez v. Aerotek, Inc.*,
    2015 WL 2342558 (C.D. Cal. May 14, 2015) ........................................ 5, 15, 22

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
    479 F.3d 994 (9th Cir. 2007) ............................................................................. 19

*Lucas v. Michael Kors (USA), Inc.*,
    2018 WL 2146403 (C.D. Cal. May 9, 2018) .......................... 4, 5, 6, 11, 14, 19

*Lucero v. Pennella*,
    2019 WL 3387094 (E.D. Cal. July 26, 2019) ....................................................... 1

*M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*,
    2019 WL 4750116 (C.D. Cal. Sept. 27, 2019) ..................................................... 5

*Marentes v. Key Energy Servs. Cal, Inc.*,
    2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ..................................................... 18

*Mariscal v. Arizona Tile, LLC*,
    2021 WL 1400892 (C.D. Cal. Apr. 15, 2021) ................................................... 20

*Mejia v. DHL Express (USA), Inc.*,
    2015 WL 2452755 (C.D. Cal. May 21, 2015) ........................................... 14, 20

*Mendoza v. Savage Servs. Corp.*,
    2019 WL 1260629 (C.D. Cal. Mar. 19, 2019) ................................................... 17

*Muniz v. Pilot Travel Ctrs. LLC*,
    2007 WL 1302504 (E.D. Cal. Apr. 30, 2007) ................................... 4, 10, 12, 19

*Nunes v Home Depot U.S.A., Inc.*,
    2019 WL 4316903 (E.D. Cal. Sept. 12, 2019) ...................................... 15, 22, 24

*Oda v. Gucci Am., Inc.*,
    2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ........................................... 4, 10, 16

*Olson v. Becton, Dickinson and Co.*,
    2019 WL 4673329 (S.D. Cal. Sept. 25, 2019) ................................................... 16

*Perez v. Safety-Kleen Sys., Inc.*,
    448 F. App'x 707 (9th Cir. 2011) ...................................................................... 24

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

*Rahmatullah v. Charter Commc'ns, LLC*,
    2020 WL 4014746 (C.D. Cal. July 15, 2020) ...................................................... 19

*Ramirez v. Carefusion Resources, LLC*,
    2019 WL 2897902 (S.D. Cal. July 5, 2019)........................................................ 22

*Ramos v. MOOG Inc.*,
    2020 WL 969023 (C.D. Cal. Feb. 27, 2020) ....................................................... 24

*Ramos v. Schenker, Inc.*,
    2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) ...................................................... 20

*Rea v. Michaels Stores Inc.*,
    742 F.3d 1234 (9th Cir. 2014) ............................................................................ 5

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F.Supp.3d 1025 (C.D. Cal. 2017)..............................8, 9, 10, 12, 14, 15, 19

*Roa v. TS Staffing Servs., Inc.*,
    2015 WL 300413 (C.D. Cal. Jan. 22, 2015) ........................................................ 5

*Rodriguez v. AT & T Mobility Servs. LLC*,
    728 F.3d 975 (9th Cir. 2013) ............................................................................. 19

*Ruano v. Sears Roebuck & Co.*,
    2015 WL 6758130 (C.D. Cal. Nov. 5, 2015) ....................................................... 6

*Salazar v. PODS Enters., LLC*,
    2019 WL 2023726 (C.D. Cal. May 8, 2019)...................................................... 15

*Salcido v. Evolution Fresh, Inc.*,
    2016 WL 79381 (C.D. Cal. Jan. 6, 2016)........................................................... 22

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) ............................................................................... 3

*Sanchez v. Russell Sigler, Inc.*,
    2015 WL 12765359 (C.D. Cal. Apr. 28, 2015).................................................. 14

*Smith v. Diamond Resorts Mgmt. Inc.*,
    2016 WL 356020 (C.D. Cal. Jan. 29, 2016)....................................................... 14

*Soratorio v. Tesoro Ref. & Mktg. Co., LLC*,
    2017 WL 1520416 (C.D. Cal. Apr. 26, 2017)................................................6, 10

146084551.5

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

*Tajonar v. Echosphere, L.L.C.*,
　　2015 WL 4064642 (S.D. Cal. July 2, 2015)........................................................14

*Terrell v. Samuel, Son & Co. (USA), Inc.*,
　　2020 WL 2797299 (May 29, 2020) .................................................................16

*Torrez v. Freedom Mortg., Corp.*,
　　2017 WL 2713400 (C.D. Cal. June 22, 2017)...........................................9, 10, 18

*United States v. Gianelli*,
　　543 F.3d 1178 (9th Cir. 2008) ......................................................................24

*Unutoa v. Interstate Hotels & Resorts, Inc.*,
　　2015 WL 898512 (C.D. Cal. Mar. 3, 2015) ....................................................4, 5

*Van v. Language Line Servs., Inc.*,
　　2016 WL 3143951 (N.D. Cal. June 6, 2016) ......................................................2

*Vaquero v. Ashley Furniture Indus., Inc.*,
　　2012 WL 12965744 (C.D. Cal. Dec. 3, 2012)....................................................3

*Vasquez v. Blue Cross of Cal.*,
　　2015 WL 2084592 (C.D. Cal. May 5, 2015).......................................................6

*Vasquez v. RSI Home Prods., Inc.*,
　　2020 WL 6778772
　　(C.D. Cal. Nov. 12, 2020)  ...............6, 7, 9, 10, 11, 13, 14, 15, 16, 18, 19, 22, 24

*Weston v. Helmerich & Payne Int'l Drilling Co.*,
　　2013 WL 5274283 (E.D. Cal. Sept. 17, 2013) ............................................13, 14

*Wheatley v. MasterBrand Cabinets, LLC*,
　　2019 WL 688209 (C.D. Cal. Feb. 19, 2019) .....................................................14

*Wilson v. Best Buy Co.*,
　　2011 WL 445848 (E.D. Cal. Feb. 8, 2011) .........................................................7

**Federal Statutes**

28 U.S.C. § 1332(d)(2)(A)......................................................................................1

28 U.S.C. § 1332(d)(3), (4) ....................................................................................1

28 U.S.C. § 1446(a) ...............................................................................................6

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

**State Statutes**

Cal. Civ. Proc. Code § 1021.5 ................................................................... 24

Cal. Lab. Code § 203 ................................................................................ 20

Cal. Lab. Code § 226 ................................................................................ 22

Cal. Lab. Code § 1174(c) .......................................................................... 23

Cal. Lab. Code § 1174(d) .......................................................................... 23

Cal. Lab. Code § 1174.5 ........................................................................... 23

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

## <u>REQUEST FOR JUDICIAL NOTICE</u>

**TO THE HONORABLE JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201(b) and (d), Defendants Centerra Services International, Inc., Centerra Group, LLC, Wackenhut Services, Inc., and G4S Government Solutions, Inc. (collectively, "Defendants") hereby request that the Court take judicial notice of the following documents attached hereto in support of their Opposition to Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447 [Dkt. #13]:

Exhibit A: Class Action Complaint for Damages filed by Plaintiff Felipe Vasquez on July 7, 2020, in Orange County Superior Court (Case No. 30-2020-01147088-CU-OE-CXC), and thereafter removed to the United States District Court for the Central District of California, in the action titled *Felipe Vasquez v. RSI Home Products, Inc., et al.*, C.D. Cal. Case No. 8:20-cv-01494-JWH-JDE [Dkt. #1-1].

Defendants' request is made pursuant to Fed. R. Evid. Rule 201(b) and (d) on the grounds that the foregoing document is a proper subject for judicial notice because it is a record of this Court and its contents are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *California v. Johnson*, 2018 WL 4214650, at *1 (E.D. Cal. Sept. 5, 2018) ("Courts in the Ninth Circuit regularly grant requests for judicial notice in deciding remand motions."); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F.Supp.3d 932, 941 (C.D. Cal. 2014) (Morrow, J.) ("A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed."); *see also, e.g.*, *Reyn's Pasta Bella, LLC v.*

*Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, briefs and other court filings).

Dated: June 11, 2021                    **MCGUIREWOODS LLP**

By: ___/s/ Amy E. Beverlin_____
    Sabrina A. Beldner | Sylvia J. Kim
    Amy E. Beverlin
    Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA").   As shown herein, Defendants Centerra Services International, Inc. ("CSI"), Centerra Group, LLC ("CGL"), Wackenhut Services, Inc., and G4S Government Solutions, Inc. (collectively, "Defendants") have met their burden to prove that the amount in controversy ("AIC") on Plaintiff's putative class action claims *more likely than not* exceeds $5 million.[1]   Plaintiff, however, has failed to proffer ***any*** alternative calculations, controverting evidence, or authority to dispute the reasonableness of Defendants' AIC calculations, which are based on CSI's and CGL's payroll, timekeeping, and employment data for putative class members ("PCMs") and are consistent with the allegations in Plaintiff's Complaint.   Thus, her unsubstantiated challenge to removal fails, and the Motion should be ***denied***.

## II.    STATEMENT OF FACTS

### A.    PLAINTIFF'S COMPLAINT

Plaintiff purports to allege ten causes of action for: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to pay minimum wages; (5) failure to timely pay final wages; (6) failure to timely pay wages during employment; (7) wage statement violations; (8) recordkeeping violations; (9) unreimbursed business expenses; and (10) violations of California's Unfair Competition Law ("UCL").   *See* Dkt. #1-1.   She purports to bring

---

[1] Plaintiff's Motion does not contest Defendants' assertion that the requisite minimum diversity of citizenship exists pursuant to 28 U.S.C. § 1332(d)(2)(A).   In her Notice of Motion, she mentions in passing that "this case must be remanded because... all of the [PCMs] reside in California."   Dkt. #13 at ii:16-20.   But she proffers ***no argument or authorities*** in support of this supposition in her Memorandum of Points and Authorities, and the Court should disregard this wholly unsupported contention.   *See, e.g., Lucero v. Pennella*, 2019 WL 3387094, at *11 (E.D. Cal. July 26, 2019).   In any event, the exceptions to CAFA jurisdiction premised on the citizenship of PCMs do **not** apply *unless* the "primary defendant," or at least one defendant, is a California citizen and, as set forth in their Notice of Removal ("NOR"), it is undisputed that ***none*** of the defendants are California citizens.   *See* Dkt. #1 (NOR), ¶¶ 16-19; *see also* 28 U.S.C. § 1332(d)(3), (4).

these claims on behalf of herself and "[a]ll current and former hourly-paid and non-exempt employees who worked for *any* of Defendants within the State of California at any time" within the four years preceding the filing of her Complaint "to final judgment." *Id.*, ¶ 15. She seeks to recover, *inter alia*, unpaid wages, liquidated damages, break premiums, penalties, and attorneys' fees and costs. *Id.*, 23-28.

## B. DEFENDANTS' REMOVAL DATA AND EVIDENCE

Defendants removed this action pursuant to CAFA on the grounds that, *inter alia*, the AIC exceeds $5 million. The data utilized in the NOR is detailed therein and was derived from voluminous timekeeping, payroll, and employment-related data pertaining to **only** PCMs **employed by CSI** as non-exempt hourly employees in California from February 24, 2017 to March 29, 2021[2] (the date on which the Complaint was served on Defendants). *See* Dkt. #1, ¶ 29 (summarizing CSI data used to calculate AIC); *see also* Declaration of John Bolen ("Bolen Decl."), ¶¶ 5-6 (summarizing data derived from CSI's business records).

Although properly included in calculating the AIC, the NOR did **not** include <u>any</u> sums for PCMs employed by CGL—a fact Plaintiff's Motion conveniently ignores. *See, e.g.*, Dkt. #1, ¶¶ 37, 46, 51, 60. An analysis of **CGL's** timekeeping, payroll, and employment-related data for PCMs employed by it as non-exempt hourly employees during the same period provides the following **additional** data points:

- For the 4-Year SOL Period: (a) at least 901 PCMs were employed by CGL; (b) they worked an aggregate total of 237,420 workdays; (c) they worked an average of 6.56 recorded hours per workday; and (d) they were paid an average regular rate of $42.00 per hour;

- For the 3-Year SOL Period: (a) at least 851 PCMs were employed by CGL, and 137 of those PCMs separated from their employment; (b) those PCMs worked an average of 6.50 recorded hours per workday; and (c) those PCMs were paid an average effective hourly rate of $42.43 per hour; and

- For the 1-Year SOL Period: 422 PCMs were employed by CGL as non-exempt

---

[2] Plaintiff's UCL claim is predicated on her California Labor Code claims. *See* Dkt. #1-1, ¶ 116. Thus, as her proposed class definition reflects, she claims that the UCL's four-year limitations period is properly applied to **each** of her underlying Labor Code **wage** claims. *See, e.g.*, *Van v. Language Line Servs., Inc.*, 2016 WL 3143951, at *9 (N.D. Cal. June 6, 2016).

employees in California and were issued a total of 9,277 wage statements. Bolen Decl., ¶¶ 8-9 (summarizing data derived from CGL's business records).[3]

As we discuss below, Defendants' AIC calculations are reasonably and conservatively based on this data supplied by the accompanying Declaration of John Bolen and on reasonable assumptions rooted in the indeterminate allegations of Plaintiff's Complaint—which courts have held can reasonably be interpreted to imply nearly 100% violation rates for making AIC calculations.

## III.   APPLICABLE LEGAL STANDARDS FOR CAFA REMOVALS

Unlike removals based on traditional diversity jurisdiction, ***"[n]o antiremoval presumption attends cases invoking CAFA* ....***"   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*"); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("The Supreme Court has made clear that regardless of whether such a presumption exists in run-of-the-mill diversity cases, 'no antiremoval presumption attends cases invoking CAFA.'").  Instead, under CAFA, any doubts as to whether a class action should proceed in state or federal court should be resolved ***in favor of* federal** jurisdiction.  *See* S. Rep. No. 109-14, at 43 (2005).[4]

Moreover, under CAFA, a removing defendant is only required to prove the AIC by a preponderance of the evidence.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

---

[3] Courts should consider supplemental evidence later proffered by a removing defendant to support jurisdiction.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *see also Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 636 (9th Cir. 2010) ("a district court may consider later-provided evidence as amending a defendant's notice of removal"); *Geerlof v. C & S Wholesale Grocers, Inc.*, 2014 WL 1415974, at *2 (E.D. Cal. Apr. 14, 2014) (same); *Vaquero v. Ashley Furniture Indus., Inc.*, 2012 WL 12965744, at *2 (C.D. Cal. Dec. 3, 2012) (Anderson, J.) (a court may "consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice").

[4] *See also Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) ("Congress enacted CAFA with the 'intent ... to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'").

1996).   This evidentiary standard does **not** place a "daunting" burden on the defendant, who need **not** prove the plaintiff's claims for damages.  *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *5 (E.D. Cal. Apr. 30, 2007).[5]

Instead, a removing defendant may rely on "a chain of reasoning that includes assumptions," and "an assumption may be reasonable if it is founded on the allegations of the complaint."  *Arias*, 936 F.3d at 925.[6]  In other words, while a defendant's assumptions "need some reasonable ground underlying them," *Ibarra*, 775 F.3d at 1199, the plaintiff's complaint may supply that reasonable ground, *Arias*, 936 F.3d at 925.  There is simply "***no obligation*** by [a] defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to Plaintiff or the [PCMs] at this premature (pre-certification) stage of the litigation."  *Muniz*, 2007 WL 1302504, at *5 (emph. added).[7]

## IV.   PLAINTIFF HAS FAILED TO MEET HER BURDEN TO PROPERLY CHALLENGE DEFENDANTS' CAFA AIC ALLEGATIONS

When a removing defendant's AIC calculations are challenged by a remand motion, *both* *sides* *must submit proof*, and then the Court decides, based on a preponderance of the evidence, if the AIC requirement is satisfied.  *See Dart*, 574 U.S. at 88; *Ibarra*, 775 F.3d at 1197-98.  Thus, to properly challenge Defendants' AIC allegations, Plaintiff was required to submit ***proof*** that less than $5 million is in

---

[5] *See also Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (Guilford, J.) ("The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'").

[6] *See, e.g., Oda v. Gucci Am., Inc.*, 2015 WL 93335, *5 (C.D. Cal. Jan. 7, 2015) (Wilson, J.) ("a defendant may calculate the [AIC] based on reasonable assumptions"); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (Wilson, J.) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

[7] *See Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *7 (C.D. Cal. May 9, 2018) (Fitzgerald, J.) (defendants *not* "required to prove Plaintiff's case for [him] by proving the actual rates of violation" but instead may rely on assumptions to support AIC calculations); *Herrera v. Carmax Auto Superstores Cal., LLC*, 2014 WL 12586254, at *5-6 (C.D. Cal. June 12, 2014) (Fitzgerald, J.) (defendant "cannot be expected to produce evidence of how often overtime violations may occur").

controversy—but she has not submitted any evidence of "the frequency and extent of the violations [*she*] purports to have suffered." *Cortez v. Parker-Hannifin Corp.*, 2020 WL 5905435, at *4 (C.D. Cal. Oct. 6, 2020) (Birotte, J.).[8]

Indeed, "Plaintiff[] fail[s] to offer ***any*** facts to demonstrate that the claimed damages are less than the threshold amount required." *M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*, 2019 WL 4750116, at *4 (C.D. Cal. Sept. 27, 2019) (Fitzgerald, J.) (emph. in orig.). Instead, she "merely argues that Defendant's evidentiary support is lacking." *Id*. That argument is **demonstrably insufficient** to warrant remand. *See id.*; *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (vacating remand order where plaintiff failed to proffer controverting evidence or allege that she sought less than $5 million); *Cortez*, 2020 WL 5905435, at *4-5 (denying remand where plaintiff failed to rebut defendant's evidence).

Because Plaintiff has submitted ***no*** independent ***proof*** to contradict Defendants' AIC calculations, she has failed to carry her burden to properly challenge the same, and remand can and should be denied on this basis **<u>alone</u>**.[9]

## V. DEFENDANTS HAVE ESTABLISHED THAT THE AIC MORE LIKELY THAN NOT EXCEEDS $5 MILLION

### A. DEFENDANTS' EVIDENCE IN SUPPORT OF THEIR CALCULATIONS

Even if Plaintiff had properly challenged Defendants' AIC calculations (and she has not), Defendants have otherwise met their burden here. Plaintiff erroneously

---

[8] *See also Unutoa*, 2015 WL 898512, at *3 ("Plaintiff fails to assert any different rate of violation or to submit any evidence indicating a contrary rate of violation. [He] does not even submit his own declaration stating that he experienced less frequent rates of violation than those asserted by Defendants.").

[9] *See, e.g., Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (reversing remand order where plaintiff presented no evidence contradicting AIC); *Lucas*, 2018 WL 2146403, at *6 (denying remand where plaintiff submitted "no countervailing evidence"); *Roa v. TS Staffing Servs., Inc.*, 2015 WL 300413, at *1-2 (C.D. Cal. Jan. 22, 2015) (Wright, J.) (denying remand where plaintiff only challenged sufficiency of defendant's evidence but did not submit any controverting evidence); *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015) (Carney, J.) (denying remand where plaintiff challenged assumed violation rates but did not suggest alternatives); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *4-5 (C.D. Cal. Dec. 6, 2018) (Gutierrez, J.) (denying remand where "Plaintiff … presented no evidence contradicting the figures in the [declaration]").

argues that "Defendants' removal lacks evidentiary support." Mot. at 1:2. But, in their NOR, Defendants were only required to—*and did*—submit a "short and plain statement" of the grounds for jurisdiction. 28 U.S.C. § 1446(a); *Dart*, 574 U.S. at 83-84. They were *not* required to submit *any* evidence unless and until their removal was challenged. *See Arias*, 936 F.3d at 922 ("notice of removal 'need not contain evidentiary submission'"); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534-35 (9th Cir. Mar. 20, 2012) (court erred in refusing to consider evidence of AIC submitted *after* removal in response to a remand motion).

Even once challenged, a defendant *still* need not produce evidence of its underlying business records to meet its evidentiary burden. *See Soratorio v. Tesoro Ref. & Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) (Fitzgerald, J.) (declaration providing "summary of the underlying data derived from … business records" sufficient); *Vasquez v. Blue Cross of Cal.*, 2015 WL 2084592, *5 (C.D. Cal. May 5, 2015) (Fitzgerald, J.) (defendant not required to provide specific values or data underlying AIC calculations). Thus, as this Court has held, a defendant is not required to produce documents setting forth the precise calculation of damages alleged. *See, e.g.*, *Vasquez v. RSI Home Prods., Inc.*, 2020 WL 6778772, at *8 (C.D. Cal. Nov. 12, 2020) (Holcomb, J.); *see also, e.g.*, *Lucas*, 2018 WL 2146403, at *2-3 (defendant properly substantiated AIC with declaration from Director of Payroll providing "a summary of the underlying data derived from [defendant's] business, human resources, payroll, and timekeeping records").

It is axiomatic that parties may submit evidence outside the complaint, including affidavits or declarations, *or other* 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (emph. added). "A declaration from a person with knowledge of the relevant data is clearly an appropriate form of evidence." *Ruano v. Sears Roebuck & Co.*, 2015 WL 6758130, at *4 (C.D. Cal. Nov. 5, 2015) (Gutierrez, J.). Thus, Defendants are <u>not</u> required to produce "work schedules, work schedules, timecards, or

complaints from an employee hotline" to satisfy their evidentiary burden. *See* Mot. at 7:10-12. An employee declaration summarizing the data underlying their AIC calculations – like the Bolen Decl. filed concurrently herewith – and the removing defendant's reasonable assumptions based on the complaint are sufficient to satisfy the removing defendant's burden to establish that the AIC has been met.[10]

Indeed, prior to her filing the Motion, Defendants drew Plaintiff's attention to *Vasquez*, in which the plaintiff was represented by Plaintiff's counsel in this action; the complaint was ***identical*** to Plaintiff's Complaint here; *and* this Court found the defendants' declaration evidence to be sufficient.[11] *See Vasquez*, 2020 WL 6778772, at *13. They even provided Plaintiff with the previously-filed Bolen declaration from the related *Hines* case,[12] which she dismissed as not "support[ing] the violation rates assumed in [the NOR]" (Dkt. #13-2 (p. 78))—notwithstanding that a removing defendant is not required to prove the actual rates of violation to establish the AIC. *See Vasquez*, 2020 WL 6778772, at *13. Thus, Plaintiff filed this meritless Motion.

---

[10] *See, e.g., Vasquez*, 2020 WL 6778772, at *3 (denying remand and finding employee declaration summarizing data used to support AIC calculations was sufficient evidence); *Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *3 (C.D. Cal. Oct. 1, 2019) (Carney, J.) (declaration from defendants' payroll director and reasonable assumptions based on complaint were sufficient); *Dawson v. Hitco Carbon Composites, Inc.*, 2016 WL 7235629, at *2 (C.D. Cal. Dec. 14, 2016) (Gutierrez, J.) (declaration from Head of Human Resources which provided "general statistics gleaned from [its] records," was sufficient evidence); *Wilson v. Best Buy Co.*, 2011 WL 445848, *2 (E.D. Cal. Feb. 8, 2011) (denying remand and rejecting challenge to payroll manager's declaration providing the number of employees, average hourly rate, and total workweeks); *Jimenez v. Allstate Ins. Co.*, 2011 WL 65764, at *2 (C.D. Cal. Jan. 7, 2011) (Matz, J.) (holding declaration from a human resources employee that "sets forth the estimated number of putative class members, their average hourly pay, and other relevant information," is sufficient evidence).

[11] Except for the complaints' allegations regarding the parties, the claims **and** the supporting allegations in the *Vasquez* complaint and in Plaintiff's Complaint are **completely** ***identical***. *Compare* Dkt. #1-1 *with* RJN, Exh. A.

[12] That Bolen declaration was filed in the related case of *Hines v. Constellis Integrated Risk Mgmt. Servs.*, 2020 WL 5764400, at *2 (C.D. Cal. Sept. 25, 2020) (Anderson, J.), on behalf of the defendants there, which *also* included CGL and CSI. The court held that Bolen's *Hines* declaration, along with the use of similar CSI and CGL data points for the relevant limitations period and reasonable assumptions derived from the *Hines* complaint, satisfied the defendants' evidentiary burden to establish the CAFA $5 million AIC was met, and **denied remand**. *Id.* at *3. *Hines* is now pending before this Court.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

## B. THE UNPAID WAGES CLAIMS AIC IS $2,401,806.24

Plaintiff alleges that, during the 4-Year SOL Period, "Defendants … failed to compensate [her and other PCMs] for all hours worked ..." Dkt. #1-1, ¶ 21. She further alleges that they "engaged in ***a pattern and practice*** of wage abuse against [PCMs]" that allegedly "involved ... failing to pay them for all regular and/or overtime wages earned ...." *Id.*, ¶ 27 (emph. added).

With respect to her unpaid overtime wages claim, Plaintiff alleges that, "[d]uring the relevant time period, Defendants failed to pay overtime wages ... for ***all*** overtime hours worked." *Id.*, ¶ 39 (emph. added). She further alleges that she and other PCMs "were required to work more than eight (8) hours ***per day*** and/or forty (40) hours ***per week*** without overtime compensation for all overtime hours worked." *Id.* (emph. added); *id.*, ¶ 54 ("During the relevant period, Plaintiff and the other class members worked in excess of eight (8) hours **in a day**, and/or in excess of forty (40) hours **in a week**." (emph. added)). She alleges that "Defendants intentionally and willfully failed to pay overtime wages to Plaintiff" and other PCMs. *Id.*, ¶ 55.

As to her unpaid minimum wages claim, Plaintiff contends that, "[d]uring the relevant time period, Defendants failed to pay Plaintiff [and other PCMs] at least minimum wages for ***all hours worked***." *Id.*, ¶ 41 (emph. added); *see also id.*, ¶ 80 ("Defendants failed to pay minimum wage to Plaintiff and the other class members as required ...."); *id.*, ¶ 47 ("Defendants failed to properly compensate Plaintiff and [other PCMs] pursuant to California law ...."). She seeks to recover, on behalf of herself and other PCMs, "the unpaid balance of their minimum wage compensation" and liquidated damages thereon. *Id.*, ¶¶ 81-82.

In short, Plaintiff has alleged in the broadest terms that Defendants engaged in a "pattern and practice of wage abuse" with respect to *all* PCMs. *See, e.g.*, *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F.Supp.3d 1025, 1029 (C.D. Cal. 2017) (100% violation rate reasonable given vague language of complaint and broad definition of class). Such "indeterminate allegations" provide "no indication of the frequency or

severity of the violations alleged." *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *4 (C.D. Cal. June 22, 2017) (Bernal, J.).[13] Indeed, the Complaint is devoid of *any* **fact-specific** allegations explaining *how* Plaintiff and other PCMs incurred any unpaid time (*e.g.*, rounding employees' time, working off-the-clock work, etc.) *or how often*.[14] Thus, Plaintiff's allegations are "susceptible to broad interpretations," including a nearly 100% violation rate. *See id.* ("generalized and indeterminate allegations," including allegations of a "pattern and practice of wage abuse," could "reasonably be interpreted to imply nearly 100% violation rates").

In fact, in *Vasquez*, 2020 WL 6778772, at *6-7, this Court found that it was reasonable for the defendants to assume that the plaintiffs and the PCMs had experienced a violation every workday ***based on identical allegations***. In *Vasquez*, the plaintiff alleged – just as Plaintiff does here –that he and the PCMs "worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week" and that "Defendants failed to pay overtime wages to Plaintiff and the [PCMs] for all overtime hours worked." *See id.* at *7; Dkt. #1-1, ¶¶ 39, 54. The *Vasquez* plaintiff – just like Plaintiff here – also alleged a "pattern and practice" of wage abuse. *See Vasquez*, 2020 WL 6778772, at *7; Dkt. #1-1, ¶ 27. This Court held that "Vasquez's Complaint unambiguously allege[d] that the wage violation occurred universally (*i.e.*, that Vasquez and the PCMs worked more than eight hours per day and in excess of 40 hours per week during the Relevant Period)." *Vasquez*, 2020 WL 6778772, at *7.

Defendants are "not 'required to comb through [their] records to identify and calculate the exact frequency of violations,' ... particularly when the Complaint provides little, if any, help in identifying the alleged violations." *Ritenour*, 228 F.Supp.3d at 1030. Rather, "given the vague language of the Complaint and the

---

[13] *See also Herrera*, 2014 WL 12586254, at *2 (a plaintiff cannot "avoid federal jurisdiction by purposefully opaque pleading").

[14] Plaintiff also appears to allege a "practice" of "rounding time recorded for compensation of regular and overtime wages"; however, there are ***no*** allegations in the Complaint regarding such a practice. Dkt. #1-1, ¶ 15.

broad definition of the class," they can reasonably assume a 100% violation rate with respect to the unpaid wages claims—"especially since [Plaintiff] offer[s] no alternative rate to challenge [their] calculations." *Id*.; *see also Muniz*, 2007 WL 1302504, at \*4 ("[P]laintiff includes no **fact-specific allegations** that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." (emph. added)).

As set forth in Defendants' NOR, PCMs who were employed **by CSI *only*** during the 4-Year SOL Period worked an average of 8.13 hours per workday during that same period. *See* Bolen Decl., ¶ 7(d)(ii). In other words, PCMs on average worked over 8 hours per day—which is consistent with Plaintiff's allegations. *See Vasquez*, 2020 WL 6778772, at \*7. Thus, any time worked by PCMs that allegedly went unpaid is payable at the *overtime rate* because any such time adds to a workday that *already exceeds* 8 hours on average. Further, even though the Complaint can reasonably be interpreted to imply nearly 100% violation rates,[15] Defendants conservatively calculated *all* unpaid wages violations as resulting in ***only* 12 minutes** (or 0.20 hours) of unpaid time per workday,[16] which estimate is reasonable and sufficiently supported by their evidence and Plaintiff's "generalized and indeterminate" allegations. *See Torrez*, 2017 WL 2713400, at \*4.[17]

---

[15] *See, e.g., Muniz*, 2007 WL 1302504, at \*4 (100% violation rate was appropriate where plaintiff alleged that PCMs "were *not always* paid all wages and overtime due," but made no fact-specific allegations of a violation rate "discernably smaller than 100%" (emph. added)).

[16] Plaintiff mischaracterizes the AIC calculations as "assum[ing] that each PCM worked 12 minutes of overtime and 12 minutes off-the-clock each day." Mot. at 1:10-11. But that is ***not true***. Defendants have only ever assumed 12 minutes **total** of unpaid time per day. *See* NOR, ¶ 35.

[17] *See, e.g., Soratorio*, 2017 WL 1520416, at \*3-4 (reasonable to assume 12 minutes per day of unpaid overtime where plaintiff alleged PCMs "often worked before and after their scheduled shifts" and defendant provided declaration that PCMs averaged more than 8 hours a day); *Oda*, 2015 WL 93335, at \*4 (reasonable to assume at least 1 hour of unpaid overtime per week given allegations defendant

Based on the foregoing, Defendants conservatively estimated the AIC on the unpaid wage claims in the NOR *for CSI PCMs only* to be **$954,570.24** [95,610 workdays x 0.20 hours/workday x $49.92 overtime rate ($33.28 effective hourly rate x 1.5)]. NOR, ¶¶ 36-37. But Plaintiff *also* seeks liquidated damages in connection with her minimum wage claim. Dkt. #1-1, ¶ 83; see *Lucas*, 2018 WL 2146403, at *6 (liquidated damages properly included in AIC). Based on the reasonable assumption that there were *at least* 12 minutes of allegedly unpaid time per day, and applying the *lowest* applicable minimum wage in the statutory period of $10.50/hour to the 95,610 days worked by PCMs **for CSI** *only*, Defendants conservatively estimated the AIC on Plaintiff's liquidated damages request in the NOR to be no less than **$200,781** [95,610 workdays x 0.20 hours/workday x $10.50/hour].[18] *See* NOR, ¶ 39.

Defendants' data also shows that *CGL PCMs* worked on average 6.56 recorded hours per workday. Bolen Decl., ¶ 9(d)(ii). While the Complaint can reasonably be interpreted to imply nearly 100% violation rates, Defendants conservatively calculate *all* unpaid wages violations for CGL PCMs as resulting in *only* **6 minutes** (or 0.10 hours) of unpaid *straight time* per workday to account for their average workday length, notwithstanding the Complaint's allegations that PCMs worked more than 8 hours per day and in excess of 40 hours per week. *Cf. Vasquez*, 2020 WL 6778772, at *7. Thus, Defendants' estimate that the *additional* AIC on the unpaid wage claims for *CGL PCMs* is *at least* **$997,164** [237,420 workdays x 0.10 hours/workday x $42.00 effective hourly rate], *plus* liquidated damages of **$249,291**

---

"sometimes" failed to pay overtime); *Herrera*, 2014 WL 12586254, at *5-6 (estimated 1 hour of unpaid overtime per week reasonable because defendant "cannot be expected to produce evidence of how often overtime violations may occur"); *see also, e.g., Byrd v. Masonite Corp.*, 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016) (Bernal, J.) (accepting assumption of 1 hour of unpaid overtime per pay period as reasonable where the plaintiff offered no alternative violation rate).

[18] From January 1, 2017 through January 1, 2018, the state minimum wage was $10.50. *See* https://www.dir.ca.gov/iwc/MinimumWageHistory.htm. The minimum wage is currently $13.00 per hour, so this AIC is considerably *undercalculated*. *See* https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Tellingly, Plaintiff *does not challenge* the reasonableness of this liquidated damages calculation.

1  [237,420 workdays x 0.10 hours/workday x $10.50/hour].

2     Thus, Defendants have sufficiently established that the total AIC on Plaintiff's

3  minimum and overtime wage claims is *at least* **$2,401,806.24**.

4     ### C.  THE BREAK VIOLATIONS CLAIMS AIC IS $2,269,924.33

5     Plaintiff alleges that "Defendants engaged in *a pattern and practice of wage*

6  *abuse* against their hourly-paid or non-exempt employees within the State of

7  California.  This pattern and practice [allegedly] involved, *inter alia*, failing to pay

8  them ... for missed meal periods and rest breaks in violation of California law."  Dkt.

9  #1-1, ¶ 27 (emph. added).  She claims that "Defendants knew or should have known

10 that [she] and other [PCMs] were entitled to receive *all* meal [and rest] periods or

11 payment for one additional hour of pay at [her] and the other [PCMs'] regular rate of

12 pay when a meal [or rest] period was missed, and they did not receive *all* meal [and

13 *all* rest] periods or payment of one additional hour of pay and [their] regular rate of

14 pay when a meal [or rest] period was missed."  *Id.*, ¶¶ 30, 31. (emph. added); *id.*, ¶ 40

15 ("During the relevant time period, Defendants failed to provide all uninterrupted meal

16 and rest periods to Plaintiff and [other PCMs].").[19]

17    ***First***, Plaintiff contends that the 20% violation rate utilized in Defendants'

18 NOR is unsupported.  Mot. at 10:1-3.  But Defendants are "not 'required to comb

19 through [their] records to identify and calculate the exact frequency of violations,' ...

20 particularly when the Complaint provides little, if any, help in identifying the alleged

21 violations."  *Ritenour*, 228 F.Supp.3d at 1030; *see also Cortez*, 2020 WL 5905435, at

22 *4 (rejecting argument that timecards and schedules are required to prove violation

23 rate).  Indeed, the Complaint does not provide any "fact-specific allegations" as to

24 *how* or *how often* Plaintiff and other PCMs were denied breaks.  *See Muniz*, 2007 WL

---

25    [19] *See also* Dkt. #1-1, ¶¶ 63-64 (alleging Plaintiff and PCMs "were required to

26 work for periods longer than five (5) hours without an uninterrupted meal period of
   not less than thirty (30) minutes and/or rest period" during 4-Year SOL Period); *id.*, ¶

27 73 (alleging Plaintiff and PCMs were "required" to work more than 4 hours "without
   authorizing or permitting a ten (10) minute rest period" during 4-Year SOL Period);

28 *id.*, ¶¶ 65-66, 74, 76 (alleging Defendants "willfully required" Plaintiff and PCMs to
   work during meal and rest periods during 4-Year SOL Period).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION**

1302504, at *4. Given Plaintiff's general allegations, it is reasonable for Defendants to assume a *100%* violation rate with respect to her break violations, especially since she offers <u>no</u> alternative rate to challenge Defendants' calculations. *See, e.g.*, *Cortez*, 2020 WL 5905435, at *3-5.

Plaintiff argues that Defendants did not take into account whether any PCMs were part-time employees and/or not entitled to meal and rest breaks during the length of their shift—but this Court rejected the same arguments in *Vasquez*. *See Vasquez*, 2020 WL 6778772, at *8. In that case, this Court **accepted** the very same 20% break violation rate as "reasonable" and "conservative," especially given that the *Vasquez* plaintiff – like Plaintiff here – offered *no evidence* to challenge the break violation assumptions. *Id.* (citing like cases). As this Court reasoned in *Vasquez*, "there is no obligation that [Defendants] support removal by producing extensive business records to prove or disprove liability or damages with respect to [Plaintiff] or the putative class." *Id.* "Rather, where, as here, [P]laintiff makes general allegations regarding the frequency of violations, [Defendants'] calculation of the [AIC] can be based upon reasonable assumptions." *Id.*.

Plaintiff's cases are inapposite and inapplicable. First, in *Armstrong v. Ruan Transport. Co.*, the plaintiff's allegations were far more limited and asserted **only** that defendant "failed to provide all *legally required* unpaid, off-duty meal periods and ... rest periods." 2016 WL 6267931, at *2-3 (C.D. Cal. Oct. 25. 2016) (Phillips, J.) (emph. added). In contrast, Plaintiff alleges, **without qualification**, that she and other PCMs "did not receive **all** meal periods" and "did not receive **all** rest periods." Dkt. #1-1 at ¶¶ 30-31 (emph. added). Second, *Weston v. Helmerich & Payne Int'l Drilling Co.*, 2013 WL 5274283 (E.D. Cal. Sept. 17, 2013), was decided under *Garibay v. Archstone Communities, LLC*, 539 F. App'x 763 (9th Cir. 2013), and thus applied a completely different evidentiary standard than that required by *Dart*.[20] *See infra*.

---

[20] Though it was decided after *Dart*, the Court in *Armstrong*, 2016 WL 6267931, at *4, erroneously relied on *Garibay* in finding that the defendants did not

Third, unlike in *Armstrong* and *Weston*, Defendants' AIC calculations are grounded in the allegations in Plaintiff's Complaint. *See Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (Birotte, J.) (*Weston* inapplicable where assumed violation rate was supported by plaintiff's own allegations).

**Second**, Plaintiff does **not** proffer *any* evidence that the claimed violations occurred **less** than twice out of every 10 days (i.e., once per week), and proffers <u>no violation rate of her own</u>. Defendants are **not** "required to prove Plaintiff's case for her by proving the actual rates of violation," but instead may rely on assumptions to support their AIC calculations. *Lucas*, 2018 WL 2146403, at *7; *Vasquez*, 2020 WL 6778772, at *8. Indeed, "[w]hen a complaint alleges violations in broad, vague terms," like here, "the removing defendant **must** make some estimate of how frequently violations occurred." *Herrera,* 2014 WL 12586254, at *4 (emph. added) (denying remand).[21] Plaintiff cannot "rely on the argument that [Defendants have] failed to prove the violation rate without alleging or offering evidence of a lower violation rate"—which she has failed to do. *See Wheatley v. MasterBrand Cabinets, LLC*, 2019 WL 688209, at *4 (C.D. Cal. Feb. 19, 2019) (Bernal, J.).[22] Absent *any*

satisfy their evidentiary burden to establish the AIC on the plaintiff's break claims. Similarly, in *Smith v. Diamond Resorts Mgmt. Inc.*, 2016 WL 356020 (C.D. Cal. Jan. 29, 2016), the Court relied predominantly on *Weston*—which, as discussed above, was also decided under *Garibay*. *See Ritenour*, 228 F.Supp.3d at n.4 ("*Garibay* is an unpublished decision and its reasoning has been called into question in light of published Ninth Circuit precedent in *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395 (9th Cir. 2010)."); *see also Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (King, J.) (rejecting any reliance on *Garibay*).

[21] *See also Long v. Destination Maternity Corp.*, 2016 WL 1604968, *6 (S.D. Cal. Apr. 21, 2016) ("Defendant is not required to produce business records 'setting forth the precise number of employees in [the] putative class ... and the precise calculation of damages alleged' to meet its burden regarding the [AIC]"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *3-5 (S.D. Cal. July 2, 2015) (accepting reasonable assumptions based on the complaint and generalized employment data and stating that a defendant "'is not required to comb through its records to identify and calculate the exact frequency of violations'").

[22] *See also, e.g., Ritenour*, 228 F.Supp.3d at 1031 (denying remand where plaintiffs never contended that they were putting less than $5 million at issue and did not offer any conflicting evidence challenging defendant's estimates); *Archuleta*, 2018 WL 6382049, at *5 (accepting **100%** meal break violation rate where plaintiff did not offer "any better estimate of the alleged violation rate, despite the fact that he

contrary *evidence*, she has failed to establish that Defendants' assumed violation rate is unreasonable. *See, e.g.*, *Ritenour*, 228 F.Supp.3d at 1031.

**Third**, notwithstanding the foregoing, Defendants *conservatively* assumed that Plaintiff and other CSI PCMs will claim to have experienced *just* one meal break and one rest break on only two of every 10 days worked during the 4-Year SOL Period (*i.e.*, a **20% violation rate**). Such an assumption in grounded in Plaintiff's unqualified allegations—which allege that, "as a pattern and practice," PCMs were "required" to "work during meal [and rest] periods" during the 4-Year SOL Period and "were entitled to receive *all* meal [and rest] periods," but "did not receive *all* meal [and rest] periods during that time." Dkt. #1-1, ¶¶ 30, 31, 65, 74. These allegations, along with the fact that CSI PCMs averaged 8.13 hours per workday during the 4-Year SOL Period (entitling them to at least two rest breaks and one meal break per day on average), render Defendants' 20% violation rate in their NOR more than reasonable. *See* Bolen Decl., ¶ 6(d); *see also Vasquez*, 2020 WL 6778772, at *8.

For example, in *Nunes v Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019), the court found that allegations similar to Plaintiff's here supported a 20% violation rate. The defendant submitted a declaration providing relevant data points discerned from its records. *Id.* It "then assumed each employee missed just one meal break and one rest break per week" based on allegations that the defendant (a) had a "uniform policy and practice" whereby it "*often*" failed to provide PCMs with all legally required meal breaks, causing them to forfeit meal breaks without compensation "*from time-to-time*," and (b) had a "uniform policy, practice, and procedure" that resulted in PCMs "*periodically*" being denied such breaks. *Id.* (emph. added). Thus, the defendant's assumed **20% violation rate** was reasonable. *See id.* at *2-3; *see also Salazar v. PODS Enters., LLC*, 2019 WL 2023726, at *2-3 (C.D. Cal. May 8, 2019) (Fitzgerald, J.) (20% violation rate a

most likely knows at least roughly how often *he* was not afforded the required meal breaks"); *Lopez*, 2015 WL 2342558, at *3 (denying remand where "Plaintiff [did] not assert or suggest an alternative violation rate on which the Court should rely[,]").

"reasonable, conservative assumption" based on allegation that PCMs "were 'occasionally ... authorized' to take their breaks").

Similarly, in *Oda*, the plaintiffs alleged that (1) they and the PCMs "*sometimes* did not receive all of their meal periods in a lawful fashion ... [and] *not all* rest periods were given timely, if at all to plaintiffs and other Class members"; and (2) the defendant "maintained *a policy or practice* of not paying additional *compensation* to employees for missed, uninterrupted [sic], and/or timely meal and/or rest periods." *Oda*, 2015 WL 93335, at \*4 (emph. added). The *Oda* defendant assumed that each class member experienced 2.5 meal period *and* rest period violations per 5-day work week, and the Court found the assumed **50% violation rate** reasonable, even while the plaintiff alleged that the defendant only "sometimes" violated labor laws. *Id.* at \*5; *see also Elizarraz v. United Rentals, Inc.*, 2019 WL 1553664, at \*3-4 (C.D. Cal. Apr. 9, 2019) (Wright, J.) (50% and 25% violation rates for meal and rest periods, respectively, were reasonable given allegations of a "pattern and practice").

Here, Defendants' data establishes that **CSI PCMs** alone were entitled to *at least* one meal period and *at least* two rest breaks <u>each</u> workday during the 4-Year SOL Period. *See* Bolen Decl., ¶ 6(d)(ii). Indeed, given the Complaint's allegations, Defendants "could assume a much higher violation rate."[23] *See Vasquez*, 2020 WL 6778772, at \*8 (citing cases); *see also Olson v. Becton, Dickinson and Co.*, 2019 WL 4673329, at \*4 (S.D. Cal. Sept. 25, 2019) (25% violation rate for both meal and rest periods was reasonable based on allegations of a "pattern and practice"). Instead, they assume that CSI PCMs will claim to have experienced just *one* rest and *one* meal break violation per week. *See Vasquez*, 2020 WL 6778772, at \*8 (finding defendant's assumed 20% violation rate reasonable based on **identical** allegations).[24]

---

[23] Dkt. #1-1, ¶¶ 30-31 & at 24:2-5.

[24] *See also Terrell v. Samuel, Son & Co. (USA), Inc.*, 2020 WL 2797299, at \*3-4 (May 29, 2020) (Bernal, J.) (20% violation rate reasonable where complaint alleged a "pattern and practice" of wage abuse and that some PCMs, "but not all," were denied breaks); *Danielsson v. Blood Centers of Pac.*, 2019 WL 7290476, at \*6 (N.D. Cal. Dec. 30, 2019) (finding that a 20% violation rate for meal and rest breaks was

Thus, Defendants have established that the AIC on Plaintiff's break claims **for CSI PCMs *only*** is *at least* **$1,272,760.33** calculated as follows: $636,380.16 [95,610 total workdays x 20% violation rate x $33.28 effective hourly rate] + $636,380.16 [95,610 total workdays x 20% violation rate x $33.28 effective hourly rate]. But this AIC only considers one subset of PCMs. When PCMs who worked directly **for *CGL*** are **also** included, even using a **5% violation rate** to account for their average workday length (*i.e.*, 6.56 hours), the AIC on Plaintiff's break claims is *at least* **$2,269,924.33**, because they generate an *additional* AIC of **$997,164** calculated as follows: $498,582 [237,420 total workdays x 5% meal break violation rate x $42.00 effective hourly rate] + $498,582 [237,420 total workdays x 5% rest break violation rate x $42.00 effective hourly rate]. *See* Bolen Decl., ¶ 9(d)(ii), (iv).

### D. THE WAITING TIME PENALTIES CLAIM AIC IS $2,758,312.65

Plaintiff alleges that she and other PCMs "were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and ***they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation***." Dkt. #1-1, ¶ 33 (emph. added); *see also id.*, ¶ 87 (alleging that Defendants failed to pay PCMs "who are no longer employed with Defendants' [*sic*] their wages"). She further alleges that "Defendants engaged in ***a pattern and practice*** of wage abuse against [PCMs]. This pattern and practice [allegedly] involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law." *Id.*, ¶ 27 (emph. added); *see also id.*, ¶ 42 ("During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.").

Plaintiff contends that the AIC on her waiting time penalties claim "improperly

_____

reasonable where the complaint alleged a "pattern and practice" of violations); *Mendoza v. Savage Servs. Corp.*, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) (Klausner, J.) (noting that courts in the Central District "routinely apply a 20% violation rate ... for meal and rest period premiums" and citing cases).

assume[s] maximum violations for all of the 199 CSI PCM[s] that ended their employment during [the 3-Year SOL Period]." Mot. at 13:26-10. However, her Complaint alleges, *without qualification*, that, "as a pattern and practice," Defendants "failed to pay [her] and the other [PCMs] all wages owed to them upon discharge or resignation." *See* Dkt. #1-1, ¶¶ 27, 42; *see also Vasquez*, 2020 WL 6778772, at *9 (finding *identical* complaint alleged wage violations "occurred universally"). Moreover, Plaintiff purports to bring her claims on behalf of *all* PCMs, *see id.*, ¶ 15, and does *not* allege that Defendants *ever* paid to her or any of the PCMs wages due but unpaid at the time of their discharge or resignation.[25] *See, e.g.*, *Vasquez*, 2020 WL 6778772, at *9 (defendant reasonably assumed a maximum penalty for all terminated employees based on *identical* allegations).

In *Vasquez*, 2020 WL 6778772, *9, the defendant – like Defendants here – calculated the AIC on the plaintiff's waiting time penalties claim using the number of PCMs terminated during the limitations period, their average effective hourly rate, and an assumed 8-hour workday. The plaintiff, like Plaintiff here, challenged the defendant's assumption that every PCM was entitled to 8 hours' worth of penalties per day for 30 days. *See id.* This Court *rejected* that challenge, reasoning that the *Vasquez* complaint – like Plaintiff's Complaint here – did "not contain any limitation on the Waiting Time Penalties Claim, such as an allegation that [plaintiff] or any other PCM later received allegedly unpaid final wages at some time less than 30 days after discharge." *Id.* In the absence of any such allegation, and given the *Vasquez* complaint's allegation regarding the defendant's "pattern and practice" of wage violations – which is the *same* allegation Plaintiff makes here – the defendant

---

[25] For this reason, Defendants' 30-day assumption is also reasonable. *See Torrez*, 2017 WL 2713400, at *4; *see also Moppin v; Marentes v. Key Energy Servs. Cal, Inc.*, 2015 WL 756516, at *5 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the [PCMs]"); *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) ("[A]s there is nothing in the complaint [] to suggest that Defendants paid employees these unpaid wages at some point … awarding penalties for the entire 30 day period is reasonable.").

"reasonably assume[d] a universal violation" and maximum penalties. *Id.* at \*9-10.

While Plaintiff inexplicably argues that Defendants have failed to submit evidence to support their assumption that "each" PCM is entitled to the maximum penalty, Mot. at 1:13-14, Defendants are "not required to prove Plaintiff's case for [him] by proving the actual rates of violation at the removal stage." *Lucas*, 2018 WL 2146403, at \*7. Because the Complaint is devoid of any allegations establishing that the Plaintiff and/or the PCMs were **ever** paid their full final wages, a maximum waiting time penalties calculation is appropriate. *Id.* at \*9-10 (holding it was reasonable to assume maximum waiting time penalties given allegations that, *inter alia*, "Defendants had a practice of not paying upon termination, the wages owed"); *see also Muniz*, 2007 WL 1302504, at \*4 ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.").

Plaintiff's reliance on *Garibay*, 539 F. App'x 763, is misplaced. That case preceded the Ninth Circuit's and the Supreme Court's binding decisions in both *Arias* and *Dart*, respectively, and "**is no longer applicable to CAFA cases**." *Rahmatullah v. Charter Commc'ns, LLC*, 2020 WL 4014746, at \*5 (C.D. Cal. July 15, 2020) (Gutierrez, J.) (emph. added).[26]   In any event, in *Garibay*, the court rejected an assumption "that each employee would be entitled to the maximum statutory penalty" where defendant provided "no evidence supporting that assertion." *Garibay*, 539 F. App'x at 764. Here, the Complaint's allegations support Defendants' assumed violation rate, and Plaintiff has not submitted any argument or evidence actually disputing this calculation, nor does she offer any alternative calculation. *See Garza v. Brinderson Constructors, Inc.*, 178 F.Supp.3d 906, 912 (N.D. Cal. 2016) (distinguishing *Garibay* and holding that defendant need not produce evidence when

---

[26] Plaintiff also inexplicably relies on *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007). But *Lowdermilk*'s "legal certainty" test was long ago **overruled**. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *see also Ritenour*, 228 F.Supp.3d at 1030, n.4 ("*Lowdermilk* was overruled for applying the wrong standard of 'legal certainty.'").

allegations in the complaint support the maximum statutory penalty).[27]

Here, CSI PCMs worked an average of 8.15 hours *per day* during the four-year period limitations period. Bolen Decl., ¶ 6(c)(ii). As such, it is reasonable to assume – based on the Complaint's allegations that, "[a]s a pattern and practice of wage abuse," PCMs were not paid not paid for "all overtime hours worked," did not receive "all required meal and rest periods," and "were not receiving at least minimum wage for all hours worked" (Dkt. #1-1, ¶¶ 27-32) – that each PCM went unpaid or was underpaid in *some* amount *at least once* during the 3-Year SOL Period, and a *single* incident of underpayment to each PCM is sufficient to trigger Cal. Lab. Code § 203 for the *entire* 30-day period penalties for **all** PCMs. *See, e.g.*, *Altamirano*, 2013 WL 2950600, at *12 (reasonable to assume all terminated employees suffered at least one incident of underpayment); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) (Staton, J.) ("allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties").[28]

In their NOR, Defendants calculated the AIC on this claim exclusively based on the number of CSI PCMs who separated their employment in the relevant 3-Year SOL Period and their average hourly rate of pay during the same using data points supported by declaration evidence. *See* Dkt. #1, ¶¶ 54-55; Bolen Decl., ¶ 6(c). While these PCMs worked an average of 8.15 hours per day during that period, Defendants conservatively calculated the AIC using a shorter 8-hour workday, showing the AIC on this claim to be *at least* **$1,624,795.20** [199 separated PCMs x $34.02 average hourly rate x 8 hours per day x 30 days]. *See* Dkt. #1, ¶ 55. But Defendants only

---

[27] *See also Mejia*, 2015 WL 2452755, at *4 ("The only Ninth Circuit case that arguably stands for the proposition that there is a bright-line rule forbidding a removing defendant from assuming a 100% violation rate is *Garibay*.... As it is unpublished, *Garibay* has no precedential weight.... Moreover, to the extent that *Garibay* demands that removing defendants submit evidence of their liability—i.e., evidence of a violation rate—to establish jurisdiction, it is inconsistent with *Lewis*.").

[28] *See also, e.g.*, *Mariscal v. Arizona Tile, LLC*, 2021 WL 1400892, at *3 (C.D. Cal. Apr. 15, 2021) (Staton, J.) (holding that it was appropriate to assume each terminated PCM "was owed but not paid at least some of their wages at termination and accrued 30 days of waiting time penalties based on those unpaid wages").

considered only *one* subset of PCMs.  During the relevant period preceding the filing of Plaintiff's Complaint, at least 137 **CGL** PCMs also separated their employment, and they were paid an average final effective hourly rate of $42.43/hour.  Bolen Decl., ¶ 9(c)(i), (iii).  Taking into account these PCMs, and utilizing the same reasonable assumptions and the *actual* average workday for CGL PCMs during the 3-Year SOL Period, the *additional* AIC on this claim is *at least* **$1,133,517.45** [137 separated PCMs x $42.43 average hourly rate x 6.50 hours per day x 30 days].  Thus, the AIC on Plaintiff's waiting time penalties claim is *at least* **$2,758,312.65**.

### E.    THE WAGE STATEMENT PENALTY CLAIM AIC IS $1,076,400

In their NOR, Defendants calculated an AIC for wage statement penalties based on the applicable one-year limitations period and on the total number of wage statements actually issued to CSI PCMs *only* in that same period—both of which are supported by adequate declaration evidence.  *See* Dkt. #1, ¶ 59; Bolen Decl., ¶ 6(b).  Still, Plaintiff challenges the 100% violation rate on this claim and in so doing completely disregards her Complaint's allegations and persuasive authority.

Plaintiff alleges ***without qualification*** that, "[d]uring the relevant time period, Defendants failed to provide complete and accurate wage statements to Plaintiff and [PCMs]."  Dkt. #1-1, ¶ 44.  She further alleges that she and other PCMs "did not receive complete and accurate wage statements from Defendants" because the wages statements allegedly did not "include the total number of hours worked by Plaintiff and [PCMs]."  *Id.*, ¶ 35; *see also* ¶ 98 ("Defendants have intentionally and willfully failed to provide Plaintiff and other [PCMs] with complete and accurate wage statements.").  Thus, she alleges that wage statements issued to her and other PCMs failed to reflect amounts that she contends should have been paid to PCMs—which underpayments were the result of "a pattern and practice of wage abuse."  *Id.*, ¶ 27; *see also* ¶ 99 (alleging *all* PCMs "have suffered injury").  As with her other purported claims, the Complaint alleges ***no*** facts specific to the circumstances of Defendants' alleged failure to provide itemized wage statements, or to suggest that a violation rate

*less* than 100% is appropriate. *See* Mot. at 15:16-23.

In *Vasquez*, for example, the plaintiff – just like Plaintiff here – alleged that the defendant violated Cal. Lab. Code § 226 ("Section 226") in every pay period and that he and the other PCMs were "'entitled to recover from Defendants the greater of their actual damages caused by [the defendant's] failure to comply' with § 226 'or an aggregate penalty not exceeding four thousand dollars per employee.'" *Vasquez*, 2020 WL 6778772, at *12 & nn. 107-08.[29] The defendant, like Defendants here, assumed a 100% violation rate. *See id.* at *12. This Court found that calculation – which was the same calculation used by Defendants here and based on similar declaration evidence[30] – "to be reasonable" based upon the allegations of the ***identical Vasquez*** complaint and "supported by sufficient (uncontroverted) evidence." *Id.* at *13. Moreover, just like here, the *Vasquez* plaintiff did <u>not</u> challenge either the defendant's calculation or its underlying methodology. *Id.*

Likewise, other courts that have addressed this issue have ***routinely*** accepted use of a 100% violation rate based on allegations similar to Plaintiff's here.[31] Further, and in any event, Plaintiff once again fails to suggest an alternative violation rate that she contends would be *more* reasonable. *See, e.g.*, *Lopez*, 2015 WL 2342558, at *3 (finding 100% violation rate assumption reasonable where plaintiff failed to suggest "an alternative violation rate on which the court could rely").

---

[29] In *Vasquez*, this Court referred to allegations in Paragraphs 97 and 100 of the plaintiff's complaint, which are paragraphs 98 and 101 in Plaintiff's Complaint. *Compare* Dkt. #1-1, ¶¶ 98, 101 *with* RJN, Exh A, ¶¶ 97, 100.

[30] *See Vasquez*, 2020 WL 6778772, at *3 (defendant submitted a declaration that "provide[d] a summary of the underlying data and calculations derived from [its] business records").

[31] *See, e.g., Archuleta*, 2018 WL 6382049 at *6 ("it is reasonable to assume a 100 percent violation rate given the myriad allegations about widespread [unpaid wages] and meal period violations"); *Ramirez v. Carefusion Resources, LLC*, 2019 WL 2897902 (S.D. Cal. July 5, 2019) (same); *Nunes*, 2019 WL 431690, at *3 (100% violation rate reasonable where plaintiff alleged that defendant failed to provide accurate wage statements "from time to time"); *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, *7 (C.D. Cal. Jan. 6, 2016) (Wilson, J.) (assumption that each and every wage statement was deficient and subject to penalty was reasonable and "follow[s] logically" from allegations that defendant failed to accurately itemize all hours worked and engaged in "systemic scheme of wage abuse").

Therefore, Defendants have established, based on their own data derived from their actual business records and on reasonable assumptions derived from Plaintiff's own allegations, that the NOR's AIC calculation on Plaintiff's waiting time penalties claim is properly supported. *See* Dkt. #1, ¶ 60 (CSI-only AIC).

Further, Defendants' calculation in the NOR was actually *underestimated*, and once data for PCMs who worked directly for **CGL** is **also** taken into account (using the one-year limitations period and the total number of wage statements actually issued to PCMs employed directly by CGL during that period), the AIC on this claim **increases** by *at least* **$906,600**, calculated as follows: [(422 PCMs x $50 initial violation = $21,100) + (8,855 Subsequent Wage Statements [9,277-422] x $100 subsequent violation = $885,500)]. *See* Dkt. #1, n.28. Thus, the AIC on Plaintiff's wage statement penalty claim is *not less than* **$1,076,400** [$169,800 CSI AIC + $906,600 CGL AIC], which averages only $2,014.60 per PCM.

### F. THE RECORDKEEPING PENALTIES CLAIM AIC IS $267,000

In passing, Plaintiff suggests that Defendants' AIC on her recordkeeping penalties claim is "unsubstantiated," but she does not proffer *any* argument or authority even tending to support such a statement. Mot. at 15:12-14. In any event, Defendants' AIC on her recordkeeping claim is sufficiently established for the same reasons that the AIC on her Section 226 claim is sufficiently established. "Any person employing labor who willfully fails to maintain the records required by [Cal. Lab. Code § 1174(c)] or accurate and complete records required by [Lab. Code § 1174(d)], ... shall be subject to a civil penalty of five hundred dollars ($500)." Lab. Code § 1174.5. As set forth in the NOR, Defendants *conservatively* calculated the AIC on Plaintiff's recordkeeping penalties, using the ostensibly applicable 1-Year SOL Period *for CSI employees only*, to be **$56,000** ($500 x 112 PCMs). *See* Bolen Decl., ¶ 6(b)(i). CGL employees add an *additional* **$211,000** ($500 x 422 PCMs) for a total AIC of **$267,000**. *See id.*, ¶ 9(b)(i).

## G.   PLAINTIFF DOES NOT CHALLENGE THE ATTORNEYS' FEES AIC

Plaintiff ***does not dispute*** the reasonableness of Defendants' AIC calculations on her requests for attorneys' fees—and, in fact, does not proffer *any* argument as to that AIC at all.  Thus, she has *waived* any argument that Defendants' method for calculating the AIC on either her Section 1174 claim or her attorneys' fees requests is improper or unsupported.[32]

In any event, the Ninth Circuit has held that attorneys' fees ***must*** be included when assessing the AIC.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018).  Further, "a court must include ***future*** attorneys' fees recoverable by statute or contract when assessing whether the [AIC] requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018).  Because Plaintiff seeks attorneys' fees on her unpaid wages, meal break, and unreimbursed expenses claims <u>and</u> under Cal. Civ. Proc. Code § 1021.5, attorneys' fees **<u>must</u>** be included when assessing the AIC.  Dkt. #1-1, Prayer for Relief, ¶¶ 8, 15, 27, 51, 56.

Thus, Defendants "properly included attorneys' fees, and used the established 25% benchmark in doing so."  *Nunes*, 2019 WL 4316903, at *4; *see also Vasquez*, 2020 WL 6778772, at *10 ("[T]he Court finds that the 25% rate that [defendant] utilizes is reasonable.  Indeed, the Ninth Circuit has consistently affirmed that the 25% rate is reasonable.").[33]  Further, because Defendants' calculations regarding the putative class recovery on Plaintiff's claims are adequately supported, so too are their calculations regarding the AIC on her attorneys' fees claim.  *See, e.g., Ramos v.*

---

[32] *See United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are generally considered ***waived***."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (same).

[33] The Ninth Circuit employs a benchmark rate of 25% of the *entire* potential award as an estimate for attorneys' fees.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  This is especially true where, as here, Plaintiff seeks attorneys' fees pursuant to Civ. Proc. Code § 1021.5.  *See, e.g., Perez v. Safety-Kleen Sys., Inc.*, 448 F. App'x 707, 708 (9th Cir. 2011) (affirming the district court's grant of attorneys' fees under Civ. Proc. Code § 1021.5 in a class action based on, *inter alia*, an employer's failure to provide meal and rest periods).

*MOOG Inc.*, 2020 WL 969023, at *4 (C.D. Cal. Feb. 27, 2020) (Birotte, J.) (where underlying AIC amounts were established, an attorneys' fees rate that bridged the gap between the AIC and $5 million was "clearly reasonable").

In any event, Defendants have established that the AIC on Plaintiff's claims exceeds **$8,773,443.22** [$2,401,806.24 (wage claims) + $2,269,924.33 (break claims) + $2,758,312.65 (waiting time penalties claim) + $1,076,400 (wage statement claim) + $267,000 (Section 1174 claim)]—even *without* considering the AIC on (a) her claim for attorneys' fees, which, using the 25% benchmark, is *at least* **$2,193,360.81** [$8,773,443.22 x .25], *or* (b) her purported claims for unreimbursed business expenses and failure to timely pay wages during employment, which are *all* otherwise properly included therein and would only further *increase* the AIC.[34]

## VI.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Remand be **denied** because the $5 million AIC is satisfied here.

Dated:  June 11, 2021          **McGuireWoods LLP**
                               By:  /s/ Amy E. Beverlin
                                    Sabrina A. Beldner | Sylvia J. Kim
                                    Amy E. Beverlin
                                    Attorneys for Defendants

---

[34] Indeed, in the related *Hines* case – which was filed just last year and of which Plaintiffs were aware *before* filing this Motion – the court found that based solely on data from the same two defendants (CSI and CGL), it was established by a preponderance of the evidence that the AIC on the plaintiff's nearly identical claims for an overlapping class of PCMs was *at least* **$8,623,035.26**.  *Hines*, 2020 WL 5764400, at *3 (finding defendants submitted sufficient declaration evidence, which also increased the estimated AIC in that notice of removal by including PCMs who worked for CGL); *see also* Dkt. #13-2, Exh. C (Declaration of John Bolen submitted by defendants in *Hines*).  Plaintiff's decision to proceed with this Motion in light of that information renders this Motion not only without merit—but *also* frivolous.

Electronically Filed by Superior Court of California, County of Orange, 07/07/2020 03:13:47 PM.
30-2020-01147088-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

1 | Edwin Aiwazian (SBN 232943)
2 | **LAWYERS for JUSTICE, PC**
     410 West Arden Avenue, Suite 203
     Glendale, California 91203
3 | Tel: (818) 265-1020 / Fax: (818) 265-1021

4 | *Attorneys for* Plaintiff

5

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE**

10 | FELIPE VASQUEZ, individually, and on behalf of other members of the general public similarly situated;

Case No.: 30-2020-01147088-CU-OE-CXC
Assigned for all purposes to: Judge Peter Wilson Dept: CX102

11

12 | Plaintiff,

**CLASS ACTION COMPLAINT FOR DAMAGES**

13 | vs.

14 | RSI HOME PRODUCTS, INC., an unknown business entity; RSI HOME PRODUCTS MANUFACTURING, INC., an unknown business entity; and DOES 1 through 100, inclusive,
15
16

17 | Defendants.

18

19

20

21

22

23

24

25

26

27

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

28

*(left margin vertical text)* LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff FELIPE VASQUEZ ("Plaintiff"), individually, and on behalf

2  of other members of the general public similarly situated, and alleges as follows:

3                                        **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7  "amount in controversy" for the named Plaintiff, including but not limited to claims for

8  compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of

9  attorneys' fees, is less than seventy-five thousand dollars ($75,000).

10    2.    This Court has jurisdiction over this action pursuant to the California

11  Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12  other causes" except those given by statute to other courts.  The statutes under which this

13  action is brought do not specify any other basis for jurisdiction.

14    3.    This Court has jurisdiction over Defendants because, upon information and

15  belief, Defendants are  citizens of California, have sufficient minimum contacts in California,

16  or otherwise intentionally avail themselves of the California market so as to render the exercise

17  of jurisdiction over them by California courts consistent with traditional notions of fair play

18  and substantial justice.

19    4.    Venue is proper in this Court because, upon information and belief, Defendants

20  maintain offices, have agents, employ individuals, and/or transact business in the State of

21  California, County of Orange.  The majority of acts and omissions alleged herein relating to

22  Plaintiff and the other class members took place in the State of California, including the County

23  of Orange.

24                                              **PARTIES**

25    5.    Plaintiff FELIPE VASQUEZ is an individual residing in the State of California,

26  County of Orange.

27  ///

28  ///

2

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6. Defendant RSI HOME PRODUCTS, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Orange.

7. Defendant RSI HOME PRODUCTS MANUFACTURING, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Orange.

8. At all relevant times, Defendant RSI HOME PRODUCTS, INC. and Defendant RSI HOME PRODUCTS MANUFACTURING, INC. were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9. At all times herein relevant, Defendants RSI HOME PRODUCTS, INC., RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

///

///

1    11.    Defendant RSI HOME PRODUCTS, INC., RSI HOME PRODUCTS

2    MANUFACTURING, INC., and DOES 1 through 100 will hereinafter collectively be referred

3    to as "Defendants."

4    12.    Plaintiff further alleges that Defendants directly or indirectly controlled or

5    affected the working conditions, wages, working hours, and conditions of employment of

6    Plaintiff and the other class members so as to make each of said Defendants employers liable

7    under the statutory provisions set forth herein.

8                          **CLASS ACTION ALLEGATIONS**

9    13.    Plaintiff bring this action on his own behalf and on behalf of all other members

10   of the general public similarly situated, and, thus, seeks class certification under California

11   Code of Civil Procedure section 382.

12   14.    The proposed class is defined as follows:

13              All current and former hourly-paid or non-exempt employees who worked for

14              any of the Defendants within the State of California at any time during the

15              period from four years preceding the filing of this Complaint to final judgment

16              and who reside in California.

17   15.    Plaintiff reserves the right to establish subclasses as appropriate.

18   16.    The class is ascertainable and there is a well-defined community of interest in

19   the litigation:

20        a.    Numerosity: The class members are so numerous that joinder of all class

21              members is impracticable.  The membership of the entire class is

22              unknown to Plaintiff at this time; however, the class is estimated to be

23              greater than fifty (50) individuals and the identity of such membership is

24              readily ascertainable by inspection of Defendants' employment records.

25        b.    Typicality: Plaintiff's claims are typical of all other class members' as

26              demonstrated herein.  Plaintiff will fairly and adequately protect the

27              interests of the other class members with whom he has a well-defined

28              community of interest.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.  Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted,

Exhibit A

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and/or missed altogether) meal periods and rest breaks in violation of

2   California law;

3   c.   Whether Defendants required Plaintiff and the other class members to

4   work over eight (8) hours per day and/or over forty (40) hours per week

5   and failed to pay the legally required overtime compensation to Plaintiff

6   and the other class members;

7   d.   Whether Defendants deprived Plaintiff and the other class members of

8   meal and/or rest periods or required Plaintiff and the other class

9   members to work during meal and/or rest periods without compensation;

10  e.   Whether Defendants failed to pay minimum wages to Plaintiff and the

11  other class members for all hours worked;

12  f.   Whether Defendants failed to pay all wages due to Plaintiff and the other

13  class members within the required time upon their discharge or

14  resignation;

15  g.   Whether Defendants failed to timely pay all wages due to Plaintiff and

16  the other class members during their employment;

17  h.   Whether Defendants complied with wage reporting as required by the

18  California Labor Code; including, *inter alia*, section 226;

19  i.   Whether Defendants kept complete and accurate payroll records as

20  required by the California Labor Code, including, *inter alia*, section

21  1174(d);

22  j.   Whether Defendants failed to reimburse Plaintiff and the other class

23  members for necessary business-related expenses and costs;

24  k.   Whether Defendants' conduct was willful or reckless;

25  l.   Whether Defendants engaged in unfair business practices in violation of

26  California Business & Professions Code section 17200, et seq.;

27  m.   The appropriate amount of damages, restitution, and/or monetary

28  penalties resulting from Defendants' violation of California law; and

6

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit A

n.     Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

**GENERAL ALLEGATIONS**

18.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Orange.

19.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately October 2015 to approximately May 2017, in the State of California, County of Orange.

20.     Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

21.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

1  to pay them for all regular and/or overtime wages earned and for missed meal periods and rest

2  breaks in violation of California law.

3       27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4  knew or should have known that Plaintiff and the other class members were entitled to receive

5  certain wages for overtime compensation and that they were not receiving accurate overtime

6  compensation for all overtime hours worked.

7       28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

8  failed to provide Plaintiff and the other class members all required rest and meal periods during

9  the relevant time period as required under the Industrial Welfare Commission Wage Orders

10  and thus they are entitled to any and all applicable penalties.

11       29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

12  knew or should have known that Plaintiff and the other class members were entitled to receive

13  all meal periods or payment of one additional hour of pay at Plaintiff's and the other class

14  member's regular rate of pay when a meal period was missed, and they did not receive all meal

15  periods or payment of one additional hour of pay at Plaintiff's and the other class member's

16  regular rate of pay when a meal period was missed.

17       30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

18  knew or should have known that Plaintiff and the other class members were entitled to receive

19  all rest periods or payment of one additional hour of pay at Plaintiff's and the other class

20  member's regular rate of pay when a rest period was missed, and they did not receive all rest

21  periods or payment of one additional hour of pay at Plaintiff's and the other class members'

22  regular rate of pay when a rest period was missed.

23       31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

24  knew or should have known that Plaintiff and the other class members were entitled to receive

25  at least minimum wages for compensation and that they were not receiving at least minimum

26  wages for all hours worked.

27       32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

28  knew or should have known that Plaintiff and the other class members were entitled to receive

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  all wages owed to them upon discharge or resignation, including overtime and minimum wages

2  and meal and rest period premiums, and they did not, in fact, receive all such wages owed to

3  them at the time of their discharge or resignation.

4      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

5  knew or should have known that Plaintiff and the other class members were entitled to receive

6  all wages owed to them during their employment.  Plaintiff and the other class members did

7  not receive payment of all wages, including overtime and minimum wages and meal and rest

8  period premiums, within any time permissible under California Labor Code section 204.

9      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Plaintiff and the other class members were entitled to receive

11  complete and accurate wage statements in accordance with California law, but, in fact, they did

12  not receive complete and accurate wage statements from Defendants.  The deficiencies

13  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

14  other class members.

15      35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

16  knew or should have known that Defendants had to keep complete and accurate payroll records

17  for Plaintiff and the other class members in accordance with California law, but, in fact, did

18  not keep complete and accurate payroll records.

19      36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20  knew or should have known that Plaintiff and the other class members were entitled to

21  reimbursement for necessary business-related expenses.

22      37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

23  knew or should have known that they had a duty to compensate Plaintiff and the other class

24  members pursuant to California law, and that Defendants had the financial ability to pay such

25  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

26  represented to Plaintiff and the other class members that they were properly denied wages, all

27  in order to increase Defendants' profits.

28  ///

9

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

38.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

39.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

40.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

41.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

42.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

43.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

44.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

45.     During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

46.     During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

47.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

///
///
///

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against RSI HOME PRODUCTS, INC.,**

**RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

48.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47, and each and every part thereof with the same force and effect as though fully set forth herein.

49.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

50.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

51.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

52.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

53.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

54.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

55.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

56.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against RSI HOME PRODUCTS, INC.,**

**RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

57.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

59.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

///

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

61.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

63.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

64.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

65.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

66.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

67.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  additional hour of pay at the employee's regular rate of compensation for each work day that

2  the meal or rest period is not provided.

3                        **THIRD CAUSE OF ACTION**

4               **(Violation of California Labor Code § 226.7)**

5                   **(Against RSI HOME PRODUCTS, INC.,**

6     **RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

7          68.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

8  through 67, and each and every part thereof with the same force and effect as though fully set

9  forth herein.

10         69.    At all times herein set forth, the applicable IWC Wage Order and California

11  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

12  employment by Defendants.

13         70.    At all relevant times, California Labor Code section 226.7 provides that no

14  employer shall require an employee to work during any rest period mandated by an applicable

15  order of the California IWC.

16         71.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

17  employer shall authorize and permit all employees to take rest periods, which insofar as

18  practicable shall be in the middle of each work period" and that the "rest period time shall be

19  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

20  hours or major fraction thereof" unless the total daily work time is less than three and one-half

21  (3 ½) hours.

22         72.    During the relevant time period, Defendants required Plaintiff and other class

23  members to work four (4) or more hours without authorizing or permitting a ten (10) minute

24  rest period per each four (4) hour period worked.

25         73.    During the relevant time period, Defendants willfully required Plaintiff and the

26  other class members to work during rest periods and failed to pay Plaintiff and the other class

27  members the full rest period premium for work performed during rest periods.

28  ///

74.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

75.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

76.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against RSI HOME PRODUCTS, INC.,

### RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

79.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

80.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

82.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against RSI HOME PRODUCTS, INC.,**

**RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

83.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

84.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

86.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

Exhibit A

87.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

88.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against RSI HOME PRODUCTS, INC.,

### RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)

89.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

91.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

92.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

Exhibit A

Exhibit A

93.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

94.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against RSI HOME PRODUCTS, INC.,

### RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)

95.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    but are not limited to: the failure to include the total number of hours worked by Plaintiff and

2    the other class members.

3         98.      As a result of Defendants' violation of California Labor Code section 226(a),

4    Plaintiff and the other class members have suffered injury and damage to their statutorily-

5    protected rights.

6         99.      More specifically, Plaintiff and the other class members have been injured by

7    Defendants' intentional and willful violation of California Labor Code section 226(a) because

8    they were denied both their legal right to receive, and their protected interest in receiving,

9    accurate and itemized wage statements pursuant to California Labor Code section 226(a).

10         100.      Plaintiff and the other class members are entitled to recover from Defendants the

11    greater of their actual damages caused by Defendants' failure to comply with California Labor

12    Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

13    employee.

14         101.      Plaintiff and the other class members are also entitled to injunctive relief to

15    ensure compliance with this section, pursuant to California Labor Code section 226(h).

16                       **EIGHTH CAUSE OF ACTION**

17               **(Violation of California Labor Code § 1174(d))**

18                  **(Against RSI HOME PRODUCTS, INC.,**

19    **RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

20         102.      Plaintiff incorporates by reference the allegations contained in paragraphs 1

21    through 101, and each and every part thereof with the same force and effect as though fully set

22    forth herein.

23         103.      Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

24    central location in the state or at the plants or establishments at which employees are

25    employed, payroll records showing the hours worked daily by and the wages paid to, and the

26    number of piece-rate units earned by and any applicable piece rate paid to, employees

27    employed at the respective plants or establishments.  These records shall be kept in accordance

28    ///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   with rules established for this purpose by the commission, but in any case shall be kept on file

2   for not less than two years.

3       104.    Defendants have intentionally and willfully failed to keep accurate and complete

4   payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

5   class members.

6       105.    As a result of Defendants' violation of California Labor Code section 1174(d),

7   Plaintiff and the other class members have suffered injury and damage to their statutorily-

8   protected rights.

9       106.    More specifically, Plaintiff and the other class members have been injured by

10  Defendants' intentional and willful violation of California Labor Code section 1174(d) because

11  they were denied both their legal right and protected interest, in having available, accurate and

12  complete payroll records pursuant to California Labor Code section 1174(d).

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against RSI HOME PRODUCTS, INC.,**

**RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

17      107.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18  through 106, and each and every part thereof with the same force and effect as though fully set

19  forth herein.

20      108.    Pursuant to California Labor Code sections 2800 and 2802, an employer must

21  reimburse its employee for all necessary expenditures incurred by the employee in direct

22  consequence of the discharge of his or her job duties or in direct consequence of his or her

23  obedience to the directions of the employer.

24      109.    Plaintiff and the other class members incurred necessary business-related

25  expenses and costs that were not fully reimbursed by Defendants.

26      110.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

27  other class members for all necessary business-related expenses and costs.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

111.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**TENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against RSI HOME PRODUCTS, INC.,**

**RSI HOME PRODUCTS MANUFACTURING, INC., and DOES 1 through 100)**

112.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

114.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

115.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

116.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

117.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

118.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

### DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

#### As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

#### As to the Second Cause of Action

10.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.      That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.      For all actual, consequential, and incidental losses and damages, according to proof;

13.      For premium wages pursuant to California Labor Code section 226.7(c);

14.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.      For reasonable attorneys' fees and costs of suit incurred herein; and

16.      For such other and further relief as the Court may deem just and proper.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Third Cause of Action

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Fifth Cause of Action**

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

32.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.   For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.   For all actual, consequential, and incidental losses and damages, according to proof;

37.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.   For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.   For actual, consequential and incidental losses and damages, according to proof;

41.   For statutory penalties pursuant to California Labor Code section 226(e);

Exhibit A

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

42.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.    For actual, consequential and incidental losses and damages, according to proof;

46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

47.    For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

48.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.    For actual, consequential and incidental losses and damages, according to proof;

50.    For the imposition of civil penalties and/or statutory penalties;

51.    For reasonable attorneys' fees and costs of suit incurred herein; and

52.    For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

26

Exhibit A

54.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.     For such other and further relief as the Court may deem just and proper.

Dated: July 7, 2020                                    LAWYERS *for* JUSTICE, PC

                                                       By: _____
                                                           Edwin Aiwazian
                                                           *Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27