UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE MONARREZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTERRA GROUP, LLC, an unknown business entity; CENTERRA SERVICES INTERNATIONAL, INC., an unknown business entity; WACKENHUT SERVICES, INC., an unknown business entity; G4S GOVERNMENT SOLUTIONS, INC., an unknown business entity; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. 2:21-cv-03596-JWH-PLA<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE [ECF No. 32]** |

Before the Court is the motion of Defendants Centerra Services International, Inc.; Centerra Group, LLC; Wackenhut Services, Inc.; and G4S Government Solutions, Inc. to dismiss and/or strike the first amended complaint of Plaintiff Jeannie Monarrez.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED in part**, as set forth herein.

## I.  BACKGROUND[3]

### A.  Procedural History

Monarrez commenced this action in Los Angeles County Superior Court in February 2021.  Two months later, Defendants removed this action to this Court.  Monarrez filed the operative Amended Complaint in January 2022. Seven weeks later, Defendants filed the instant Motion, which is fully briefed.

### B.  Factual Allegations[4]

Monarrez worked for Defendants from 2010 until 2018.[5]  She and the putative class members were classified as hourly-paid or non-exempt employees.[6]  While employed by Defendants, the class members regularly worked over 40 hours per week.[7]  Defendants failed to compensate the class

---

[1]  Defs.' Mot. to Dismiss and/or Strike (the "Motion") [ECF No. 32].
[2]  The Court considered the following papers:  (1) First Am. Compl. (the "Amended Complaint") [ECF No. 26]; (2) Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") (including its attachments) [ECF No. 38]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") (including its attachment) [ECF No. 39].
[3]  Defendants seek judicial notice of nine exhibits.  *See* Motion xvii:1-xix:11. Because the Court does not rely on any of those exhibits, the request is **DENIED**.
[4]  The following summary is derived from the allegations in the Amended Complaint.
[5]  Amended Complaint ¶ 18.
[6]  *Id.* at ¶ 21.
[7]  *Id.* at ¶ 26.

members for all hours worked or for missed rest breaks.[8] Monarrez alleges that Defendants' behavior exhibited a pattern of systemic wage abuse against the class members.[9]

Monarrez alleges that in addition to failing to pay the class members, Defendants: (1) failed to provide class members with all required rest periods;[10] (2) often failed to provide class members with the required minimum wage;[11] (3) failed to keep accurate records and provide accurate wage statements;[12] (4) failed to pay Monarrez and other class members the wages owed to them upon discharge or resignation;[13] and (5) failed to reimburse the class members for business-related expenses.[14]

In her Amended Complaint, Monarrez asserts seven claims for relief under the following statutes and theories:

- Cal. Lab. Code § 226.7 (unpaid rest period premiums);
- Cal. Lab. Code §§ 1194, 1197, & 1197.1 (unpaid minimum wages);
- Cal. Lab. Code §§ 201 & 202 (final wages not timely paid);
- Cal. Lab. Code § 226(a) (non-compliant wage statements);
- Cal. Lab. Code §§ 2800 & 2802 (unreimbursed business expenses);
- California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200; and
- the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 206 (unpaid minimum wages).[15]

---

[8] *Id.* at ¶ 21.
[9] *Id.* at ¶ 27.
[10] *Id.* at ¶ 28.
[11] *Id.* at ¶ 30.
[12] *Id.* at ¶¶ 40 & 41.
[13] *Id.* at ¶ 39.
[14] *Id.* at ¶ 42.
[15] See generally id.

## II. LEGAL STANDARD

### A.    Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B.    Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or

-4-

technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### C. Rule 12(f)—Motion to Strike

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). One "function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III. ANALYSIS[16]

Defendants argue that each claim for relief fails to satisfy Rule 8's pleading requirements. The Court agrees, and it will dismiss the entire Amended Complaint. Defendants also argue that Monarrez's specific claims for relief fail for other reasons. Whether the Court grants Monarrez leave to amend depends on the Court's analysis of those arguments, which are set forth below. The Court begins, however, with a holistic discussion of the Amended Complaint's failure to satisfy Rule 8.

### A. General Pleading Deficiencies

The plausibility of claims for relief based upon alleged wage and hours violations is "context specific." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d

---

[16] Defendants complain that Monarrez "has at all times failed to meet and confer in good faith regarding the stated bases for [the] Motion . . . ." *See* Motion xiv:13-14. But Defendants' description of Monarrez's supposed failure to confer in good faith instead strikes the Court as an acknowledgment of Monarrez's continued ***disagreement*** with Defendants. *See id.* at 14:20-28. While the meet-and-confer process is meant to foster the resolution of disagreements, a failure to agree does not constitute a failure to confer in good faith. Nevertheless, the Court admonishes all parties that this Court takes L.R. 7-3 seriously, and it will not look kindly on any future failures to follow its dictates.

638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (quotation omitted). "Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility." *Id.*

Monarrez "fails to meet the minimum pleading requirements for each of the claims she asserts." *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *2 (C.D. Cal. May 7, 2012). Like the plaintiff in *Ovieda*, "[i]n each claim, [Monarrez] follows the same pattern of (1) stating various obligations California law imposes upon employers, (2) averring simply that Defendant[s] violated those laws, and (3) claiming damages and an entitlement to penalties and other relief." *Id.* Unlike the plaintiff in *Ovieda*, Monarrez includes minimal boilerplate language in her allegations. But that boilerplate language does not salvage Monarrez's claims for relief; they remain insufficiently pleaded.

Take, for example, Monarrez's claim for rest break violations.[17] In her most detailed paragraph, Monarrez alleges:

> that Defendants failed to provide Plaintiff and the other class members all required rest periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.[18]

Those vague allegations fail to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Nowhere, for example, does Monarrez allege the dates of a specific week when she was denied rest breaks. *See Landers*, 771 F.3d at 645. Nor does Monarrez ever provide facts related to a specific day when she worked more than eight hours and was denied a rest break. *See Ovieda*, 2012 WL 1627237, at *2. Equally important, Monarrez fails to allege any facts that plausibly suggest

---

[17] *See* Amended Complaint ¶¶ 27, 28, & 45-53.
[18] *Id.* at ¶ 28.

that Defendants "did anything to impede, discourage or dissuade employees from taking rest periods." *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806358, at *3 (C.D. Cal. May 5, 2017).

Monarrez's other claims for relief are no better. The most detailed paragraph with respect to the claim for non-compliant wage statements alleges that:

> Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members, the incorrect name and address of the legal entity that is the employer, and a lack of a Plaintiff's social security number.[19]

Those sorts of shortcomings plague the entire Amended Complaint. As such, the Court will not analyze each claim individually. Instead, the Court will note that the *entire* Amended Complaint fails to satisfy the *Twombly* and *Iqbal* pleading standards. Accordingly, the Motion is **GRANTED**, and the Amended Complaint is **DISMISSED**. Excepted where noted below, that dismissal is **with leave to amend**.

B.  **Specific Pleading Deficiencies**

   1.  **The FLSA**

Defendants contend that Monarrez's FLSA claim is time-barred.[20] Monarrez does not attempt to rebut that argument in her Opposition.[21] The Court therefore deems any opposing argument to be waived. *See Hartranft v. Encore Cap. Grp., Inc.*, 2021 WL 2473951, at *10 (S.D. Cal. June 16, 2021)

---

[19]  *Id.* at ¶ 68.
[20]  Motion 8:1-18.
[21]  *See generally* Opposition

("where a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived"). Accordingly, Monarrez's FLSA claim is **DISMISSED without leave to amend**.

### 2. Statutory Penalties Under Cal. Lab. Code § 1197.1

Defendants argue that Monarrez's prayer for statutory penalties under Cal. Lab. Code § 11971.1 is time-barred.[22] Monarrez does not attempt to rebut that argument in her Opposition.[23] The Court therefore deems any opposing argument to be waived. *See Hartranft*, 2021 WL 2473951, at *10. Accordingly, the prayer for statutory penalties under Cal. Lab. Code § 1197.1 is **STRICKEN without leave to amend**.

### 3. Liquidated Damages Under Cal. Lab. Code § 1194.2

Defendants contend that Monarrez's request for liquidated damages under Cal. Lab. Code § 1194.2 is time-barred.[24] Claims for liquidated damages under that statute are subject to a three-year statute of limitations. *See Troester v. Starbucks Corp.*, 2020 WL 553572, at *5 (C.D. Cal. Jan. 27, 2020).

Here, Defendants aver that Monarrez "was last paid for hours worked and last actively provided services for" Defendants in or around November 2017.[25] To support that averment, Defendants rely on evidence that is extrinsic to the Complaint. Such reliance flies in the face of this Court's obligation to take "allegations of material fact . . . as true" and construe those allegations "in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City*, 277 F.3d at 1120. Monarrez alleges that she was employed by Defendants until

---

[22] Motion 8:19-20.
[23] *See generally* Opposition
[24] Motion 9:9-10.
[25] *Id.* at 9:18-20.

around October 2018.[26]  At this stage in the litigation, the Court must accept that allegation as true.  If Monarrez worked for Defendants until October 2018—which the Court accepts as true at this stage—then her request for liquidated damages is not time barred.

### 4. Non-Payment of Rest Break Payments

Defendants argue that Monarrez's "claim for waiting time penalties fails to the extent that it relies on a failure to make [Cal. Lab. Code §] 226.7 rest period payments at termination . . . ."[27]  Monarrez does not attempt to rebut that argument in her Opposition.[28]  The Court therefore deems any opposing argument to be waived.  *See Hartranft*, 2021 WL 2473951, at *10.  Thus, to the extent that the late final wage claim is based upon an alleged failure to timely pay Cal. Lab. Code § 226.7 payments at termination, that claim is **DISMISSED without leave to amend**.

### 5. Wage Statements

#### a. Statute of Limitations

Defendants contend that Monarrez's "request for [Cal. Lab. Code §] 226 penalties is time-barred."[29]  Penalties arising under Cal. Lab. Code § 226 are subject to a one-year statute of limitations.  *See Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1025 (E.D. Cal. 2015).[30]  Here, Monarrez alleges that her employment with Defendants ended around October 2018, which is more than two years before she commenced this action.

---

[26] Amended Complaint ¶ 19.
[27] Motion 10:9-10.
[28] *See generally* Opposition
[29] Motion 11:4 (emphasis omitted).
[30] Monarrez does not contest that the statute of limitations is one year. Accordingly, any argument to the contrary is waived. *See Hartranft*, 2021 WL 2473951, at *10.

In her Opposition, Monarrez contends that "the statute of limitations should be tolled under the delayed discovery rule."[31] The delayed discovery rule is an important "exception to the general rule for defining the accrual of a cause of action." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Under the general rule for defining the accrual of a cause of action, the date of accrual is set "as the time when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises." *Id.* (quotation omitted). Under the delayed discovery rule, however, the accrual of a cause of action is postponed "until the plaintiff discovers, or has reason to discover, the cause of action." Importantly, under the delayed discovery rule, accrual begins when a plaintiff "has reason at least to suspect a factual basis for its elements." *Id.* at 398.

Monarrez fails to cite any authority applying the delayed discovery rule to a wage statement claim.[32] In addition, Monarrez fails to "plead specific facts describing the time and manner of discovery and the inability to have discovered the claim earlier despite due diligence[,]" which is required "[t]o rely on the [delayed] discovery rule." *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1089 (N.D. Cal. 2007).

### b. Accuracy of the Wage Statements

Defendants maintain that Monarrez's wage statement claim also fails because Monarrez "does not dispute that her wage statements accurately set forth the wages actually paid to her during each pay period. Rather, [Monarrez's] claim is wholly derivative of her claim for unpaid wages."[33] Defendants are wrong. Monarrez alleges that "Defendants have intentionally

---

[31] Opposition 14:4-5.
[32] *See generally* Opposition; *see also* Reply 7:3-4.
[33] Motion 11:14-16 (emphasis omitted).

and willfully failed to provide Plaintiff and the other class members with ***complete and accurate*** wage statements."[34]

### c. Alleged Injury

Defendants contend that Monarrez "fails to adequately plead that she suffered an 'injury' amounting to something more than not receiving a compliant wage statement."[35] Monarrez responds in her Opposition that inaccurate wage statements inflict injury on their own.[36] *See, e.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 680 (9th Cir. 2021) ("Even if [an employer] pays its employees every penny owed, those employees suffer a real risk of harm if they cannot access the information required by [Cal. Lab. Code] § 226(a).").

Defendants reply not by questioning the authorities that Monarrez cites, but by arguing that Monarrez's "wage statement claim is based on the alleged non-payment of wages."[37] As the Court discusses above, Defendants are incorrect: Monarrez alleges that the wage statements were inaccurate. Therefore, Monarrez has alleged an injury.

### d. Cal. Lab. Code § 226.7 Payments

Defendants argue that "[t]o the extent [Monarrez] seeks recovery under [Cal. Lab. Code §] 226(e) for purported non-payment of [Cal. Lab. Code §] 226.7 meal and rest break premiums, this claim fails, in part, because such payments do not give rise to [Cal. Lab. Code §] 226(e) penalties."[38] Monarrez does not attempt to rebut that argument in her Opposition.[39] The Court

---

[34] Amended Complaint ¶ 68 (emphasis added).
[35] Motion 12:9-10.
[36] Opposition 16:12-21.
[37] Reply 8:1-2 (emphasis omitted).
[38] Motion 14:1-4.
[39] *See generally* Opposition

-11-

therefore deems any opposing argument to be waived.  *See Hartranft*, 2021 WL 2473951, at *10.  Accordingly, to the extent that Monarrez's wage claim relies on the alleged non-payment of [Cal. Lab. Code §] 226.7 meal and rest break premiums, that claim is **DISMISSED without leave to amend**.

      **6.**    **UCL**

Defendants argue that the remedies available for the alleged labor code violations are not recoverable under the UCL.[40]  Monarrez does not attempt to rebut that argument in her Opposition.[41]  The Court therefore deems any opposing argument to be waived.  *See Hartranft*, 2021 WL 2473951, at *10.  Nevertheless, the implication of that waiver is not clear, and Defendants do not add clarity in their Reply.  Defendants contend that the Court should strike Monarrez's request for "statutory penalties under each of these labor code sections" without leave to amend.[42]  Defendants neither explain why such action is necessary, nor whether Monarrez's request for statutory penalties relies exclusively on her UCL claim.

      **7.**    **Joint Employer Allegations**

Defendants have submitted extrinsic evidence that suggests that two of their number—Defendants G4S Government Solutions and Wackenhurt—"have not existed at any point in the limitations period."[43]  The Court finds it inappropriate to consider such evidence at the motion-to-dismiss stage.  Regardless, Monarrez indicates that she is willing to "stipulate to the dismissal of" those Defendants if Defendants provide her with certain information.  Accordingly, the Court admonishes the parties to resolve that issue during their next meet-and-confer session.

---

[40]    *See, e.g.*, Motion 17:12-17.
[41]    *See generally* Opposition
[42]    Reply 9:12-14.
[43]    *See* Motion 18:6-7.

### 8. Damages and Declaratory Judgment

Defendants move the Court to dismiss or strike several of Monarrez's requests for damages and her request for declaratory judgment.[44] The Court finds it inappropriate to rule on that request at this juncture. Monarrez's prayer will necessarily change if she amends her pleading. The Court admonishes the parties to discuss these issues thoroughly during the meet-and-confer process.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Monarrez's FLSA claim is **DISMISSED without leave to amend**.

2. Monarrez's prayer for statutory penalties under Cal. Lab. Code § 1197.1 is **STRICKEN without leave to amend**.

3. Monarrez's third claim for relief is **DISMISSED without leave to amend** to the extent that it is based upon an alleged failure to pay Cal. Lab. Code § 226.7 payments at termination.

4. Monarrez's fourth claim for relief is **DISMISSED without leave to amend** to the extent that it relies on non-payment of Cal. Lab. Code § 226.7 meal and rest break premiums.

5. The remainder of the claims in the Amended Complaint are **DISMISSED with leave to amend**.

6. Monarrez is **DIRECTED** to file an amended pleading, if at all, no later than September 8, 2023. If Monarrez chooses to file an amended pleading, then she is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to First Amended Complaint that provides the Court with a redline version that shows the amendments. If Monarrez fails to file her amended pleading by September 8, 2023, then the Court will **DISMISS** this action **with prejudice**.

---

[44] *See id.* at 20:11-22:9.

7. If Monarrez files a timely amended pleading, then Defendants are **DIRECTED** to file their respective responses thereto no later than September 29, 2023.

**IT IS SO ORDERED.**

Dated: August 22, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-14-