# EXHIBIT A

FILED
Superior Court of California
County of Los Angeles
01/25/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ T. Le _____ Deputy

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Vedang J. Patel (SBN 328647)
*vedang@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated and aggrieved

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| DELVIN HINES, on behalf of himself and all others aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLIS INTEGRATED RISK MANAGEMENT SERVICES, a Delaware corporation; CENTERRA SERVICES INTERNATIONAL, INC., a Delaware corporation; CENTERRA GROUP, LLC, a forfeited Delaware limited liability company; MICHAEL CHANDLESS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 20STCV26962<br><br>[Assigned to the Hon. Christopher K. Lui in Dept. 76]<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT, APPLICATION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD** |

This matter having come before the Court for a final fairness hearing pursuant to the Order of this Court granting preliminary approval ("Preliminary Approval Order") of the class and representative action settlement upon the terms set forth in the Joint Stipulation re: Class Action and Representative Action Settlement ("Settlement Agreement"), submitted in support of Motion for Preliminary Approval of the Class and Representative Action Settlement and Certifying Class for Settlement Purposes; and due and adequate notice having been given to the Class Members as required in the Preliminary Approval Order; and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion for Final Approval of Class Action and Representative Action Settlement; Service Award; and Reasonable Attorneys' Fees and Costs is hereby granted in its entirety.

2. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

3. For settlement purposes only, the Court certifies the settlement class for the purpose of settlement only: all current and former non-exempt, hourly-paid employees who worked in California for defendant Centerra Services International, Inc. ("CSI"), at any time during the period May 28, 2016 through July 9, 2023 ("Class Period"), but expressly excludes anyone other than the Plaintiffs who, prior to the conclusion of the Class Period, has filed their own legal action alleging the same or similar claims as pled in the Action, although any excluded individuals may still be Aggrieved Employees under the terms of the Settlement Agreement and if so, such individuals will still be entitled to share in a pro-rata portion of the PAGA Payment and be bound to the PAGA releases in the Agreement. For any Settlement Class Members who worked for defendant Centerra Group, LLC ("CG"), that are part of the settlement class in *Duley v. Centerra Group, LLC* filed in Los Angeles County Superior Court, Case No. 19STCV31908 ("*Duley*") as defined therein, the Settlement shall have no effect on their rights to participate in and receive any settlement proceeds in *Duley* for which they might be eligible under the terms of the *Duley* settlement.

/ / /

4. The parties released shall include Defendants and each of their past, present, and future respective subsidiaries, dba's, affiliates, parents, insurers and reinsurers, and company-sponsored employee benefit plans of any nature and their successors and predecessors in interest, including all of their officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, administrators, fiduciaries, trustees, and agents. ("Released Parties").

5. "Plaintiffs" collectively refers to plaintiffs Delvin Hines, Gerald Francel, Robert Andrews, Steven Cuoto, Eric Fleming, Robert Franco, Tracie Grove, Joshua McMichael, Leticia Falcon, Viet Truong, Carlos Ulloa, and Daniel Lange.

6. Effective only upon the entry of an Order granting Final Approval of the Settlement, entry of Judgment, and payment by Defendants to the Settlement Administrator of the full Gross Settlement Amount and Employers' Taxes necessary to effectuate the Settlement, Plaintiffs and all Participating Class Members release all claims against the Released Parties asserted in the Operative Complaint filed in the Action, or any and all claims that may be asserted against the Released Parties based on the factual allegations in the Operative Complaint, as follows: For the duration of the Class Period, the release includes, for Participating Class Members: (1) all claims for failure to pay (or properly pay) overtime wages; (2) all claims for failure to pay minimum wages; (3) all claims for failure to provide meal periods or compensation in lieu thereof; (4) all claims for failure to provide rest periods or compensation in lieu thereof; (5) all claims for failure to issue accurate and compliant wage statements; (6) all claims for failure to pay all wages due upon separation from employment; (7) all claims for failure to timely pay wages during employment; (8) all claims asserting a failure to properly reimburse employees for business-related expenses; (9) all claims asserted through California Business & Professions Code section 17200, *et seq.* arising out of the Labor Code violations referenced in the First Amended Complaint; (10) violation of Labor Code section 226(c); (11) violation of Labor Code section 1198.5; and (12) violation of Labor Code section 227.3 with respect to the payment of vacation wages. The Parties additionally agree that the above release shall include the release of claims under the federal Fair Labor Standards Act ("FLSA") pursuant to *Rangel v. Check Cashers*, 899 F.3d 1106 (9th Cir. 2018) (collectively, the

1  "Class Released Claims").

2  7.  For Aggrieved Employees (as that term is defined in the Settlement Agreement), and, to the extent permitted by law, the State of California, the release includes for the duration of the PAGA Period, all claims asserted in the PAGA Notices, respectively, and as alleged in the First Amended Complaint for PAGA civil penalties pursuant to Labor Code sections 96(k), 98.6, 210, 226.3, 558, 1174.5, 1197.1, and 2699 in connection with alleged violations of Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 232, 232.5, 246, 404, 432, 510, 512, 558.1, 1102.5, 1174, 1194, 1194.2, 1197, 1197.5, 1198.5, 2800, 2802, and 2810.5 (the "PAGA Released Claims"). The Class Released Claims and PAGA Released Claims shall be collectively referred to herein as the "Released Claims".

8.  Within ten (10) business days following the occurrence of the Effective Date of the Settlement, Defendants shall remit payment of the Gross Settlement Amount and Employer Taxes to the Settlement Administrator pursuant to Internal Revenue Code section 1.468B-1 for deposit in an interest-bearing qualified settlement account ("QSA") with an FDIC insured banking institution, for distribution.

9.  Distribution of the Notice of Proposed Class Action Settlement and Date for Final Approval Hearing ("Class Notice") directed to the Class Members as set forth in the Settlement Agreement and the other matters set forth herein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed class settlement set forth in the Settlement Agreement, to all persons entitled to such Class Notice, and the Class Notice fully satisfied the requirement of due process.

10. Zero (0) Class Members opted out of the Settlement, zero (0) Class Members objected to the Settlement, and there were zero (0) Workweek Disputes. All Class Members are Participating Class Members.

11. The Court further finds that the Settlement is fair, reasonable and adequate and that Plaintiff has satisfied the standards and applicable requirements for final approval of class action

settlement under California law, including the provisions of Code of Civil Procedure section 382 and Federal Rules of Civil Procedure, Rule 23, approved for use by the California state courts in *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 821.

12. This Court hereby approves the settlement set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the settlement according to its terms. The Court finds that the settlement has been reached as a result of intensive, serious and non-collusive arm's length negotiations. The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this Action. The Court has noted the significant benefits to the Class Members under the settlement. The Court also finds that the classes are properly certified as a class for settlement purposes only.

13. The Court approves Plaintiffs as the Class Representatives.

14. The Court approves David D. Bibiyan of Bibiyan Law Group, P.C of Bibiyan Law Group, P.C., as Class Counsel.

15. The Court approves Phoenix Settlement Administrators ("Phoenix" or "Settlement Administrator") as the Settlement Administrator.

16. The Court hereby awards Class Counsel attorneys' fees in the total amount of $358,750.00, which is one-third (1/3) of the Gross Settlement Amount and to be deducted therefrom. In addition, the Court awards Class Counsel reimbursement of their costs of $22,209.00 to be deducted from the Gross Settlement Amount. Attorneys' fees and costs will be paid by the Settlement Administrator from the Gross Settlement Amount as set forth in the Settlement Agreement. In approving the payment of Attorneys' Fees, the Court finds that the Settlement conferred a significant benefit on the Class and the necessity and financial burden of private enforcement of California labor laws makes an attorneys' fee award to Class Counsel appropriate.

17. The court hereby approves enhancement awards of $10,000.00 to plaintiff Delvin Hines and $5,000.00 each to plaintiffs Gerald Francel, Robert Andrews, Steven Cuoto, Eric

Fleming, Robert Franco, Tracie Grove, Joshua McMichael, Leticia Falcon, Viet Truong, Carlos Ulloa and Daniel Lange, which will be paid out of the Gross Settlement Amount, in consideration for their time, effort, and risk incurred on behalf of the Settlement Class, and for providing a general release and releasing unknown claims pursuant to Civil Code section 1542. The incentive award will be paid to Plaintiff by the Settlement Administrator from the Gross Settlement Amount as set forth in the Settlement Agreement.

18. The Court hereby approves the Settlement Administrator's cost in the amount of $7,950.00. The Settlement Administrator shall be paid the cost of administration of the settlement from the Gross Settlement Amount.

19. The Court hereby approves the PAGA penalties amount of $100,000.00, of which $75,000.00 shall be paid to the LWDA and the remaining $25,000.00 to be distributed to the "Aggrieved Employees," defined as all non-exempt, hourly-paid employees of defendant Centerra Services International, Inc. ("CSI"), in California who received wages for hours worked during the period from May 11, 2019 through July 9, 2023 ("PAGA Period").

20. Except as expressly provided herein, the Parties each shall bear all of their own fees and costs in connection with this matter.

21. Any checks from this distribution shall remain valid and negotiable for one hundred eighty (180) calendar days after the date of their issuance. After expiration of the 180-day period, checks for such payments shall be cancelled and funds associated with such checks shall be transmitted to the California Controller's Office Unclaimed Property Fund, thereby leaving no "unpaid residue," subject to the requirements of California Code of Civil Procedure Section 384.

22. Within seven (7) calendar days after payment of the full Gross Settlement Amount and Employer Taxes by Defendants, or as soon thereafter as practicable, the Settlement Administrator shall distribute Payments from the QSA for: (1) the Service Award to Plaintiffs as approved by the Court; (2) the Attorneys' Fees and Cost Award to be paid to Class Counsel, as approved by the Court; (3) the Settlement Administrator Costs, as approved the Court; (4) the LWDA Payment, as approved by the Court; and (5) Individual PAGA Payments as approved by the Court. The balance remaining shall constitute the Net Settlement Amount from which Individual

1 | Settlement Payments shall be made to Participating Class Members, less applicable taxes and withholdings.

2 | 23. The Court finds that the class settlement on the terms set forth in the Settlement Agreement was made in good faith, and constitutes a fair, reasonable and adequate compromise of the released claims against Defendant.

24. An Order to Show Cause Hearing Re: Final Administration of the Class Action Settlement is hereby scheduled for _____, at ____:____ a.m., in the above entitled Court. At least five (5) calendar days prior to said OSC hearing, the Parties shall file a declaration confirming that the claims have been paid and that administration of all of the terms and conditions of the class action settlement have been completed. Should the Court find that said declaration has sufficiently evidenced full and complete administration of the class action settlement, said OSC hearing will go off-calendar.

25. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Dated: _____, 2024     _____
                                          Christopher K. Lui / Judge
                                          Judge of the Superior Court