Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Philippe M. Gaudard (SBN 331744)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
pgaudard@schneiderwallace.com

Edwin Aiwazian (SBN 232943)
Jacob Karczewski (SBN 268295)
Khachatur Chris Ourkhan (SBN 336653)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021
edwin@calljustice.com
jacob@calljustice.com
k.chris@calljustice.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JEANNIE MONARREZ;

Plaintiff,

vs.

CENTERRA GROUP, LLC, a Delaware corporation; CENTERRA SERVICES INTERNATIONAL, INC., a Delaware corporation;

Defendants.

Case No.: 2:21-cv-03596- JWH-BFMx.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

(1) Failure to Pay all Hours Worked (Cal. Lab. Code § 204);

(2) Failure to Pay Minimum Wages for all Hours Worked (Cal. Lab. Code §§ 204, 1194, and 1198);

(3) Failure to Authorize, Permit and/or Make Available Rest Periods (Cal. Lab. Code § 226.7);

(4) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);

(5) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);

(6) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.).

**DEMAND FOR JURY TRIAL**

Judge: Hon. John W. Holcomb

Ctrm: 2

## INTRODUCTION

1. Plaintiff Jeannie Monarrez ("Plaintiff"), individually, brings this individual action against Defendants CENTERRA GROUP, LLC ("CGL"), and CENTERRA SERVICES INTERNATIONAL, INC. ("CSI") (collectively "Defendants").

2. This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiff for all hours worked; (2) failing to pay Plaintiff minimum wage for all hours worked; (3) failing to make available, authorize and/or permit Plaintiff to take timely and compliant rest periods to which they are entitled by law and failing to make premium payments for those non-compliant rest periods; (4) failing to reimburse Plaintiff for all necessary expenditures incurred in direct consequence of the discharge of their duties; (5) failing to provide Plaintiff accurate, itemized wage statements, and (6) failing to timely pay Plaintiff all wages due upon separation from employment.

3. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in controversy is between citizens of different States. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## PARTIES

4. Plaintiff Jeannie Monarrez is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles. Plaintiff worked for Defendants as a security officer and dispatcher in Pasadena, California from approximately May 2010 until October 2018.

5. Plaintiff is informed, believes, and thereon alleges that Defendant CGL is a Delaware corporation with its principal place of business located in Herndon, Virginia. CGL is registered to do business in the State of California and does business in the State of California. CGL may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

6. Plaintiff is informed, believes, and thereon alleges that Defendant CSI is a Delaware corporation with its principal place of business located in Herndon, Virginia. CSI is registered to do business in the State of California and does business in the State of California. CSI may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

7. Upon information and belief, Defendants are part of the safety and security services industry. Defendants provide companies with which they contract across the United States, including in California, with services including, *inter alia*, fire and emergency services, facilities management, de-mining, and ordonnance clearance, as well as canine, weapons remediation, training, and armed and unarmed security services. Defendant also operate a Homeland Security division that provides border security, information analysis, and emergency response for situation involving chemical agents, biological warfare, and weapons of mass destruction.

8. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercise control over Plaintiff with respect to her employment. For instance, CSI and

CGL are both listed on Plaintiff's wage statements issued to Plaintiff during the four years preceding the initial filing of this action on February 21, 2021.

9. Defendants employ Plaintiff because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff.

10. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11. At all times herein relevant, Defendants have done business under the laws of California, have places of business in the State of California, including in this judicial district, and have employed Plaintiff in this judicial district. Defendants are "person(s)" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC Wage Orders.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendants as a security guard and dispatcher in Pasadena, California from approximately May 2010 through October 2018. Plaintiff's shifts varied in length. Plaintiff worked shifts lasting eight to 15 hours, five to seven days per week. On average, Plaintiff usually worked ten hours or more per shift, six days per week, for a total of 60 hours or more per week.

13. Plaintiff was compensated at an hourly rate of $27.37.

14. Defendants paid Plaintiff, on an hourly rate basis.

15. As a matter of course, Defendants routinely denied Plaintiff compensation for all hours worked, including minimum wage. Plaintiff was regularly compensated for less than the total amount of hours she actually worked. For instance, Plaintiff was routinely required to communicate via phone calls and/or text messages

with her supervisor(s) and/or manager(s) regarding her schedule, work duties and assignments, and other work-related matters, before clocking in for the beginning of her shifts, after clocking out at the end of her shifts and during weekends and days off, *i.e.*, while "off-the-clock".

16. Moreover, Plaintiff was required to don and doff her Personal Protective Equipment ("PPE"), uniform, and gear before clocking for the beginning of each shift and after clocking out at the end of each shift, *i.e.*, also while "off-the-clock." Such PPE, uniform, and gear consisted of a bullet proof vest, an orange traffic vest, handcuffs, a baton, a light stick, and a paper spray. It took Plaintiff approximately ten (10) minutes to don her PPE, uniform, and gear before clocking in, and approximately ten (10) minutes to doff her PPE, uniform, and gear after clocking out.

17. Further, after clocking out at the end of each shift, Plaintiff was instructed by her manager(s) and/or supervisor(s) to wait in the locker room until a certified employee came and took her handgun away. For safety reasons, it was Defendants' protocol to always have two persons in the same room to put handguns away. Although the time Plaintiff was forced to wait for a certified employee to arrive in the locker room varied in time, such protocol regularly took up to thirty (30) minutes.[1]

18. As a result of these policies and practices, Plaintiff was denied compensation for all hours worked, including minimum wage, which they are lawfully owed.

19. As a matter of policy and/or practice, Defendants also failed to authorize, permit and/or make available compliant rest periods to Plaintiff. Plaintiff was systematically denied rest breaks for four reasons: (1) Defendants did not authorize, permit, and/or make available timely rest breaks to Plaintiff; (2) Plaintiff was often too busy with work during the day to have time to take bona fide rest breaks, *i.e.*, her schedules regularly prevented her from taking bona fide rest breaks throughout the

[1] At least once a week, Plaintiff would have to wait thirty minutes or more for a certified employee to come and take her handgun away after she had clocked out of her shift.

day; (3) Plaintiff was required to remain on-call throughout the day via radio and/or personal cell phone and therefore their rest breaks are interrupted or interruptible; and (4) due to chronic understaffing, Plaintiff was routinely unable to find other workers to relieve her from her work duties in order to take a duty-free rest break.

20. When Plaintiff attempted a rest break, such was often interrupted and/or untimely, *i.e.*, Defendants did not provide Plaintiff with duty-free, uninterrupted, and timely ten-minute rest breaks by the end of the fourth hour of work and again by the end of the eighth hour of work.

21. Despite these recurring violations, Plaintiff was not provided with one (1) hour of premium pay for each day she did not receive a compliant rest break.

22. Further, Defendants frequently required Plaintiff to use her personal vehicle to commute from one work location to another while "on-the-clock."

23. Plaintiff therefore incurred business expenses for the benefits of Defendants, yet Defendants fail to reimburse Plaintiff for these expenses.

24. Defendants' common wage-and-hour abuse resulted in routinely failing to maintain true and accurate records of the hours worked by Plaintiff. In particular, Defendants have failed to record all hours worked by Plaintiff.

25. Defendants' failure to record all hours worked also results in a failure to provide Plaintiff accurate itemized wage statements as required by California law. The wage statements Defendants provided are not accurate because they do not reflect payment for all hours worked, including minimum wage compensation.

26. Further, Defendants did not provide Plaintiff with full payment of all wages owed upon separation from her employment. At the time her employment ended Plaintiff was owed minimum wage compensation for all time worked, whether her termination was voluntary or involuntary; yet Defendants have failed to provide Plaintiff with such payments within the required time period. As a result, and pursuant to the California Labor Code, Defendants are subject to waiting time penalties.

27. Defendants' method of paying Plaintiff was willful and was not based on

a good faith and reasonable belief that their conduct complied with California law.

28. Defendants' conduct was willful, carried out in bad faith, and caused significant damages to Plaintiff in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**

**Failure to Pay for All Hours Worked**

**Pursuant to labor Code § 204**

**(On Behalf of the Class)**

29. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

30. Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

31. Cal. Lab. Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

32. Cal. Lab. Code §§ 221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

33. Cal. Lab. Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

34. Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

35. IWC Wage Order 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

36. Defendants willfully engaged in a practice of not compensating Plaintiff for all hours worked or spent in Defendants' control.

37. Defendants routinely denied Plaintiff compensation for all hours worked. Plaintiff was required to perform work off the clock for which she was not compensated. Plaintiff was routinely required to communicate via phone calls and/or text messages with their supervisor(s) and/or manager(s) regarding schedules, work duties and assignments, and other work-related matters, before clocking in for the beginning of her shifts, after clocking out at the end of her shifts and during weekends and days off, *i.e.*, while "off-the-clock".

38. Plaintiff was also required to don and doff PPE, uniform, and gear before clocking in for the beginning of each shift and after clocking out at the end of each shift, *i.e.*, while "off-the-clock."

39. Further, after clocking at the end of each shift, Plaintiff was instructed by her manager(s) and/or supervisor(s) to wait in the locker room until a certified employee came and took her handgun away. For safety reasons, it is Defendants' protocol to always have two persons in the same room to put handguns away.

40. As a result, Plaintiff was required to work without being fully compensated. In other words, Plaintiff was forced to perform work for the benefit of Defendants without compensation.

41. In violation of California law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiff with compensation for all time worked. Defendants regularly failed to track the time Plaintiff actually worked and failed to compensate her for all hours worked.

42. Therefore, Defendants committed the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

43. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

44. Wherefore, Plaintiff requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wage for All Hours Worked**

**Pursuant to the Cal. Lab. Code §§ 204, 1194& 1198**

**(On Behalf of the Class)**

45. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

46. Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

47. Cal. Lab. Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

48. Cal. Lab. Code §§ 221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

49. Cal. Lab. Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

50. Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

51. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

52. During the applicable statutory period, Cal. Lab. Code § 1182.12, the Minimum Wage Orders and the Los Angeles County Minimum Wage Ordinance were in full force and effect and required that Defendants hourly employees receive the minimum wage for all hours worked at the rate of twelve dollars ($12.00) per hour

commencing on July 1, 2017, thirteen dollars and twenty-five cents ($13.25) per hour commencing on July 1, 2018, fourteen dollars and twenty-five cents ($14.25) per hour commencing on July 1, 2019, and fifteen dollars ($15.00) per hour commencing on July 1, 2020.

53. Defendants maintained policies and procedures which created a working environment where Plaintiff was routinely compensated at a rate that is less than the statutory minimum wage.

54. Defendants routinely denied Plaintiff compensation for all hours worked. Plaintiff was required to perform work off the clock for which she was not compensated. Plaintiff was routinely required to communicate via phone calls and/or text messages with their supervisor(s) and/or manager(s) regarding schedules, work duties and assignments, and other work-related matters, before clocking in for the beginning of her shifts, after clocking out at the end of her shifts and during weekends and days off, *i.e.*, while "off-the-clock".

55. Plaintiff was also required to don and doff Personal PPE, uniform, and gear before clocking in for the beginning of each shift and after clocking out at the end of each shift, *i.e.*, while "off-the-clock."

56. Further, after clocking at the end of each shift, Plaintiff was instructed by her manager(s) and/or supervisor(s) to wait in the locker room until a certified employee came and took her handgun away. For safety reasons, it is Defendants' protocol to always have two persons in the same room to put handguns away.

57. In violation of California law, Defendants knowingly and willfully refused to perform their obligations to pay minimum wage to Plaintiff for all time worked.

58. Therefore, Defendants committed the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

59. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

60. Wherefore, Plaintiff requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Authorize and Permit and/or Make Available Rest Breaks Pursuant to Cal. Lab. Code §§ 226.7**

**(On Behalf of the Class)**

61. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

62. Defendants routinely failed to authorize, permit and/or make available compliant rest breaks to Plaintiff. Plaintiff's schedules regularly prevented her from taking compliant rest breaks. Plaintiff was routinely denied rest breaks for four reasons: (1) Defendants did not authorize, permit, and/or make available timely rest breaks to Plaintiff; (2) Plaintiff was often too busy with work during the day to have time to take bona fide rest breaks, *i.e.*, Plaintiff's schedules regularly prevented her from taking *bona fide* rest breaks throughout the day; (3) Plaintiff was required to remain on-call throughout the day via radio and/or personal cell phone and therefore her rest breaks were interrupted or interruptible; and (4) due to chronic understaffing, Plaintiff was frequently unable to find other workers to relieve her from her work duties in order to take a duty-free rest break.

63. When Plaintiff was able to take a rest break, such are often untimely and/or interrupted, *i.e.*, Defendants did not provide Plaintiff with duty-free, uninterrupted, and timely ten-minute rest periods during which Plaintiff should have been completely relieved of any duty, by the end of the fourth hour of work, and again by the end of the eighth hour of work.

64. Plaintiff and Class Members was not provided with one (1) hour of premium pay for each day they do not receive a complaint rest break.

65. Cal. Lab. Code § 226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four

hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

66. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

67. Despite these requirements, Defendants have often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff the ability to take the rest periods to which she was entitled.

68. Defendants have also failed to pay Plaintiff one hour of pay for each day an off-duty rest period was denied. Defendants' conduct described herein violates Cal. Lab. Code § 226.7. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff is entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

69. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

70. Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Cal. Lab. Code § 226**
**(On Behalf of the Class)**

71. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

72. Defendants did not provide Plaintiff with accurate itemized wage statements as required by California law.

73. Cal. Lab. Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

74. IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

75. Cal. Lab. Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

76. Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

77. Defendants did not provide timely, accurate itemized wage statements to Plaintiff in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide Plaintiff did not accurately reflect all hours worked, including minimum wage compensation.

78. Defendants are liable to Plaintiff for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

79. Wherefore, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(On Behalf of the Class)**

80. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

81. Defendants did not provide Plaintiff with her wages when due under California law after her employment with Defendants ended.

82. Cal. Lab. Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

83. Cal. Lab. Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. Cal. Lab. Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

85. When Plaintiff left her employment with Defendants, Defendants owed her unpaid wages. These earned, but unpaid, wages derive from time Plaintiff spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

86. Defendants willfully refused to pay Plaintiff all the wages that are due and owing to her, in the form of uncompensated time worked, upon the end of her employment as a result of Defendants' willful failure to provide Plaintiff with payment

for all hours worked, including minimum wage compensation. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses, including lost earnings, and interest.

87. Defendants' willful failure to pay Plaintiff the wages due and owing her constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

88. In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the Plaintiff and Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

89. Wherefore, Plaintiff requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On Behalf of the Class)**

90. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

91. Cal. Bus. & Prof. Code § 17200, *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

92. Cal. Bus & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

93. Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

94. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. Violations of Cal. Lab. Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage compensation, for all hours worked;

b. Violations of Cal. Lab. Code §§ 226.7 and Wage Order 4-2001 pertaining to rest breaks;

c. Violations of Cal. Lab. Code § 226 pertaining to accurate, timely itemized wage statements; and

d. Violations of Cal. Lab. Code §§ 201-302 pertaining to payment of all due wages upon separation from employment.

95. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

96. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff wages rightfully earned by her, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

97. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

98. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

99. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from her during the four-

year period prior to the filing of this action. Plaintiff seeks and is entitled to unpaid wages, premiums, declaratory relief, and all other equitable remedies owing to them.

100. Wherefore, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

1. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;
2. For a declaratory judgment that Defendants violated the Cal. Lab. Code, California law, and public policy as alleged herein;
3. For a declaratory judgment that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. as a result of the aforementioned violations of the Cal. Lab. Code;
4. For an order awarding Plaintiff compensatory damages, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff, together with interest on these amounts according to proof;
5. For an order awarding Plaintiff civil penalties pursuant to the Cal. Lab. Code, and the laws of the State of California, with interest thereon;
6. For an order awarding reasonable attorneys' fees as provided by the Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of California, and/or other applicable law;
7. For all costs of suit;
8. For interest on any penalties awarded, as provided by applicable law; and
9. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Date: March 22, 2024

*/s/ Ori Edelstein*
Carolyn H. Cottrell
Ori Edelstein
Philippe M. Gaudard
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully Submitted,

Date: March 22, 2024

*/s/ Ori Edelstein*
Carolyn H. Cottrell
Ori Edelstein
Philippe M. Gaudard
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

*Attorneys for Plaintiff*