1
2
3
4
5

**McGuireWoods LLP**
Sabrina A. Beldner (SBN 221918)
    Email:  sbeldner@mcguirewoods.com
Natalie M. Lagunas (SBN 318634)
    Email:  nlagunas@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
Telephone:  310.315.8200
Facsimile:  310.315.8210

6
7

Attorneys for Defendants
CENTERRA SERVICES INTERNATIONAL, INC. and
CENTERRA GROUP, LLC

8

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| JEANNIE MONARREZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>CENTERRA GROUP, LLC, a<br>Delaware corporation; CENTERRA<br>SERVICES INTERNATIONAL, INC.,<br>a Delaware corporation,<br><br>          Defendants. | CASE NO. 2:21-cv-03596-JWH-BFM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

18
19
20
21
22
23
24
25
26
27
28

1
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Centerra Services International, Inc. ("CSI") and Centerra Group, LLC ("CGL") (CSI and CGL together, "Defendants"), by and through their undersigned counsel of record, file this Answer to the Second Amended Complaint for Damages (Dkt. #58) (the "SAC") filed by Plaintiff Jeannie Monarrez ("Plaintiff"), as follows:

## AS TO THE INTRODUCTION

1.    Answering Paragraph 1 of the SAC, Defendants admit only that Plaintiff brings an individual action against Defendants.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants and, on that basis, generally and specifically deny each and every allegation contained therein.

2.    Answering Paragraph 2 of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

3.    Answering Paragraph 3 of the SAC, Defendants state that this Paragraph purports to describe the relief Plaintiff is seeking and sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein and any entitlement to such relief.

## AS TO THE SUBJECT MATTER JURISDICTION AND VENUE

4.    Answering Paragraph 4 of the SAC, Defendants admit only that they properly removed this action to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, that Plaintiff's Motion to Remand was denied (*see* Dkt. #20), and that the Court has jurisdiction over the action.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

5.      Answering Paragraph 5 of the SAC, Defendants admit only that Plaintiff was employed by Defendant CSI within a geographic area encompassed by the Central District of California, and that Defendants CSI and CGL conduct business in the State of California.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

## AS TO THE PARTIES

6.      Answering Paragraph 6 of the FAC (improperly numbered as Paragraph 4) of the SAC, Defendants admit only that Plaintiff is an individual over the age of eighteen who was a resident of California when she was employed by CSI as a union-represented, licensed protective security officer from approximately 2010 until September 28, 2018, although she last actively worked for CSI on October 29, 2017. Except as expressly admitted in this Paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in said Paragraph and, on that basis, generally and specifically deny each and every allegation contained therein.

7.      Answering Paragraph 7 of the FAC (improperly numbered as Paragraph 5) of the SAC, Defendants admit that CGL is a Delaware Limited Liability Company with its principal place of business in Herndon, Virginia, and is registered to do business in the State of California.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

8.      Answering Paragraph 8 of the FAC (improperly numbered as Paragraph 6) of the SAC, Defendants admit that CSI is a Delaware corporation with its principal place of business located in Herndon, Virginia, and is registered to business in the

State of California.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

9.     Answering Paragraph 9 of the SAC (improperly numbered as Paragraph 7), Defendants admit only that CSI conducts business in the safety and security services industry, and that CSI contracts with companies in California to provide security services.  Except as expressly admitted in this Paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in said Paragraph and, on that basis, generally and specifically deny each and every allegation contained therein.

10.     Answering Paragraph 10 (improperly numbered as Paragraph 8) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

11.     Answering Paragraph 11 (improperly numbered as Paragraph 9) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

12.     Answering Paragraph 12 (improperly numbered as Paragraph 10) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

13.     Answering Paragraph 13 (improperly numbered as Paragraph 11) of the SAC, Defendants admit only that they have done business under the laws of California and have places of business in the State of California which, with respect to CSI, include business in this judicial district.  Defendants further admit that CSI employed Plaintiff in this judicial district.  Defendants otherwise admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically denies that they have violated any such law or are liable for the same.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph

sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

## AS TO THE FACTUAL ALLEGATIONS

14.    Answering Paragraph 14 (improperly numbered as Paragraph 12) of the SAC, Defendants admit only that Plaintiff she was employed by CSI in California as a union-represented, licensed protective security officer from approximately 2010 until September 28, 2018, although she last actively worked for CSI on October 29, 2017.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every allegation contained therein.

15.    Answering Paragraph 15 (improperly numbered as Paragraph 13) of the SAC, Defendants admit only that Plaintiff's final hourly rate of pay when she was last actively at work was $27.37 per hour.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

16.    Answering Paragraph 16 (improperly numbered as Paragraph 14) of the SAC, Defendants admit only that Plaintiff was paid on an hourly rate basis by CSI during her employment with CSI.  Except as expressly admitted in this Paragraph, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained therein.

17.    Answering Paragraph 17 (improperly numbered as Paragraph 15) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

18.    Answering Paragraph 18 (improperly numbered as Paragraph 16) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

19.     Answering Paragraph 19 (improperly numbered as Paragraph 17) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

20.     Answering Paragraph 20 (improperly numbered as Paragraph 18) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

21.     Answering Paragraph 21 (improperly numbered as Paragraph 19) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

22.     Answering Paragraph 22 (improperly numbered as Paragraph 20) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

23.     Answering Paragraph 23 (improperly numbered as Paragraph 21) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

24.     Answering Paragraph 24 (improperly numbered as Paragraph 22) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

25.     Answering Paragraph 25 (improperly numbered as Paragraph 23) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

26.     Answering Paragraph 26 (improperly numbered as Paragraph 24) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

27.     Answering Paragraph 27 (improperly numbered as Paragraph 25) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

28.     Answering Paragraph 28 (improperly numbered as Paragraph 26) of the SAC, Defendants generally and specifically deny each and every allegation contained therein.

29.     Answering Paragraph 29 (improperly numbered as Paragraph 27) Defendants generally and specifically deny each and every allegation contained therein.

30.     Answering Paragraph 30 (improperly numbered as Paragraph 28) Defendants generally and specifically deny each and every allegation contained therein.

## AS TO THE FIRST CAUSE OF ACTION

### Failure to Pay for All Hours Worked

### Pursuant to the labor Code § 204

### (On Behalf of the Class)[1]

31.     Answering Paragraph 31 (improperly numbered as Paragraph 29) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 30 of the SAC as though fully set forth herein.

32.     Answering Paragraph 32 (improperly numbered as Paragraph 30) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

---

[1] Defendant denies and disputes that Plaintiff is bringing her First through Sixth Causes of Action on behalf of a class as set forth in the SAC, or that it would be proper for her to do so in light of the *Hines* class settlement.  As noted in Plaintiff and Defendants' Joint Report (Dkt. # 52) and Paragraph 1 of Plaintiff's SAC, Plaintiff is bringing this action individually, and ***not*** on behalf of a class.

33.     Answering Paragraph 33 (improperly numbered as Paragraph 31) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

34.     Answering Paragraph 34 (improperly numbered as Paragraph 32) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

35.     Answering Paragraph 35 (improperly numbered as Paragraph 33) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

36.     Answering Paragraph 36 (improperly numbered as Paragraph 34) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

37.     Answering Paragraph 37 (improperly numbered as Paragraph 35) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize

California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

38.    Answering Paragraph 38 (improperly numbered as Paragraph 36) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

39.    Answering Paragraph 39 (improperly numbered as Paragraph 37) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

40.    Answering Paragraph 40 (improperly numbered as Paragraph 38) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

41.    Answering Paragraph 41 (improperly numbered as Paragraph 39) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

42.    Answering Paragraph 42 (improperly numbered as Paragraph 40) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

43.    Answering Paragraph 43 (improperly numbered as Paragraph 41) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

44.    Answering Paragraph 44 (improperly numbered as Paragraph 42) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

45.    Answering Paragraph 45 (improperly numbered as Paragraph 43) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

46.    Answering Paragraph 46 (improperly numbered as Paragraph 44) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer

9

by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages for All Hours Worked

### Pursuant to the Cal. Lab. Code §§ 204, 1194 & 1198

### (On Behalf of the Class)[2]

47.    Answering Paragraph 47 (improperly numbered as Paragraph 45) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 46 of the SAC as though fully set forth herein.

48.    Answering Paragraph 48 (improperly numbered as Paragraph 46) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

49.    Answering Paragraph 49 (improperly numbered as Paragraph 47) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

50.    Answering Paragraph 50 (improperly numbered as Paragraph 48) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize

---

[2] *See* footnote 1, *supra*.

10

California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

51.     Answering Paragraph 51 (improperly numbered as Paragraph 49) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

52.     Answering Paragraph 52 (improperly numbered as Paragraph 50) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

53.     Answering Paragraph 53 (improperly numbered as Paragraph 51) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

54.     Answering Paragraph 54 (improperly numbered as Paragraph 52) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

55.    Answering Paragraph 55 (improperly numbered as Paragraph 53) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

56.    Answering Paragraph 56 (improperly numbered as Paragraph 54) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

57.    Answering Paragraph 57 (improperly numbered as Paragraph 55) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

58.    Answering Paragraph 58 (improperly numbered as Paragraph 56) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

59.    Answering Paragraph 59 (improperly numbered as Paragraph 57) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

60.    Answering Paragraph 60 (improperly numbered as Paragraph 58) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

61.    Answering Paragraph 61 (improperly numbered as Paragraph 59) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

62.    Answering Paragraph 62 (improperly numbered as Paragraph 60) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE THIRD CAUSE OF ACTION

**Failure to Authorize and Permit and/or Make Available Rest Breaks**

**Pursuant to Cal. Lab. Code §§ 226.7**

**(On Behalf of the Class)[3]**

63.    Answering Paragraph 63 (improperly numbered as Paragraph 61) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 62 of the SAC as though fully set forth herein.

64.    Answering Paragraph 64 (improperly numbered as Paragraph 62) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

65.    Answering Paragraph 65 (improperly numbered as Paragraph 63) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

66.    Answering Paragraph 66 (improperly numbered as Paragraph 64) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.  Defendants further deny that the SAC can be pursued on behalf of a class.

67.    Answering Paragraph 67 (improperly numbered as Paragraph 65) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

68.    Answering Paragraph 68 (improperly numbered as Paragraph 66) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required,

---

[3] *See* footnote 1, *supra*.

Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

69.    Answering Paragraph 69 (improperly numbered as Paragraph 67) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

70.    Answering Paragraph 70 (improperly numbered as Paragraph 68) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

71.    Answering Paragraph 71 (improperly numbered as Paragraph 69) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

72.    Answering Paragraph 72 (improperly numbered as Paragraph 70) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE FOURTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**

**Pursuant to Cal. Lab. Code § 226**

**(On Behalf of the Class)[4]**

73.    Answering Paragraph 73 (improperly numbered as Paragraph 71) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 72 of the SAC as though fully set forth herein.

74.    Answering Paragraph 74 (improperly numbered as Paragraph 72) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

---

[4] *See* footnote 1, *supra*.

75.     Answering Paragraph 75 (improperly numbered as Paragraph 73) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

76.     Answering Paragraph 76 (improperly numbered as Paragraph 74) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

77.     Answering Paragraph 77 (improperly numbered as Paragraph 75) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

78.     Answering Paragraph 78 (improperly numbered as Paragraph 76) Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny Plaintiff is entitled to any damages, costs or attorneys' fees.

79.     Answering Paragraph 79 (improperly numbered as Paragraph 77) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

80. Answering Paragraph 80 (improperly numbered as Paragraph 78) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

81. Answering Paragraph 81 (improperly numbered as Paragraph 79) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE FIFTH CAUSE OF ACTION

### Waiting Time Penalties

### (Pursuant to Cal. Lab. Code §§ 201-203)

### (On Behalf of the Class)[5]

82. Answering Paragraph 82 (improperly numbered as Paragraph 80) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 81 of the SAC as though fully set forth herein.

83. Answering Paragraph 83 (improperly numbered as Paragraph 81) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

84. Answering Paragraph 84 (improperly numbered as Paragraph 82) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants. To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

85. Answering Paragraph 85 (improperly numbered as Paragraph 83) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants. To the extent a response is required,

---

[5] *See* footnote 1, *supra*.

Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

86.    Answering Paragraph 85 (improperly numbered as Paragraph 83) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

87.    Answering Paragraph 87 (improperly numbered as Paragraph 85) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

88.    Answering Paragraph 88 (improperly numbered as Paragraph 86) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

89.    Answering Paragraph 89 (improperly numbered as Paragraph 87) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every remaining allegation contained in said Paragraph.

90.    Answering Paragraph 90 (improperly numbered as Paragraph 88) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any

17

such law or are liable for the same.  Defendants further deny that the SAC can be pursued on behalf of a class as alleged in this Paragraph.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every remaining allegation contained in said Paragraph.

91.    Answering Paragraph 91 (improperly numbered as Paragraph 89) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE SIXTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On Behalf of the Class)[6]

92.    Answering Paragraph 92 (improperly numbered as Paragraph 90) of the SAC, Defendants incorporate by reference their responses to the allegations and averments of Paragraphs 1 through 91 of the SAC as though fully set forth herein.

93.    Answering Paragraph 93 (improperly numbered as Paragraph 91) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

94.    Answering Paragraph 94 (improperly numbered as Paragraph 92) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

---

[6] *See* footnote 1, *supra*.

95.     Answering Paragraph 95 (improperly numbered as Paragraph 93) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

96.     Answering Paragraph 96 (improperly numbered as Paragraph 94) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

97.     Answering Paragraph 97 (improperly numbered as Paragraph 95) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

98.     Answering Paragraph 98 (improperly numbered as Paragraph 96) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every remaining allegation contained in said Paragraph.

99.     Answering Paragraph 99 (improperly numbered as Paragraph 97) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize

California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.

100.    Answering Paragraph 100 (improperly numbered as Paragraph 98) of the SAC, Defendants generally and specifically deny each and every allegation contained in said Paragraph.

101.    Answering Paragraph 101 (improperly numbered as Paragraph 99) of the SAC, Defendants state that this Paragraph sets forth legal contentions and conclusions that do not require any answer by Defendants.  To the extent a response is required, Defendants admit only that Plaintiff purports to cite, quote and/or characterize California law, but generally and specifically deny that Defendants have violated any such law or are liable for the same.  Except as expressly admitted in this Paragraph, Defendants generally and specifically deny each and every remaining allegation contained in said Paragraph.

102.    Answering Paragraph 102 (improperly numbered as Paragraph 100) of the SAC, Defendants state that it sets forth a conclusion that does not require any answer by Defendants but, to the extent a response is required, Defendants generally and specifically deny each and every allegation contained or referenced therein.

## AS TO THE PRAYER FOR RELIEF

Answering the Prayer for Relief in the SAC, Defendants state that it contains legal contentions, conclusions and/or characterizations by Plaintiff that do not require any admissions or denials by Defendants but, to the extent a response is required, Defendants admit only that Plaintiff purports to characterize the relief sought in the SAC, but generally and specifically denies that they are liable for or that Plaintiff is entitled to the same.  Defendants further respond that Plaintiff's prayer for liquidated damages is improper as it has already been deemed time-barred by the Court (*see* Dkt. #46 at p.8), and that Plaintiff's prayer for "civil penalties" is time-barred by the applicable one-year statute of limitations on such penalties.  Except as expressly

20

admitted in this paragraph, above, Defendants generally and specifically deny each and every remaining allegation contained in said Prayer for Relief.

## AS TO THE DEMAND FOR JURY TRIAL

Answering the Demand for Jury Trial, Defendants state that it sets forth legal contentions and conclusions that do not require any admissions or denials by Defendants.   To the extent a response is required, Defendants generally and specifically deny each and every allegation contained in said Demand for Jury Trial.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the SAC, and as separate and distinct affirmative defenses, Defendants allege that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.   In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove:

## FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Failure to State a Claim)

Plaintiff's SAC, and each and every purported cause of action alleged therein, fails to plead sufficient facts and/or otherwise fails to state any claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Statute of Limitations)

Plaintiff's SAC, and each and every purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitations, including, but not limited to, Civ. Proc. Code §§ 335.1, 338, 340, 343.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Unclean Hands)

Plaintiff's SAC as a whole, and each and every purported cause of action alleged therein, is barred by the doctrine of unclean hands.

1

**FOURTH AFFIRMATIVE OR OTHER DEFENSE**

2

(Waiver)

3      Plaintiff's SAC as a whole, and each and every purported cause of action

4  alleged therein, is barred by the doctrine of waiver.

5

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

6

(Estoppel)

7      Plaintiff's SAC as a whole, and each and every purported cause of action

8  alleged therein, is barred by the doctrine of estoppel.

9

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

10

(Laches)

11      Plaintiff's SAC as a whole, and each and every purported cause of action

12  alleged therein, is barred by the doctrine of laches.

13

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

14

(Individual Action Only)

15      Plaintiff's SAC as a whole, and each and every purported cause of action

16  alleged therein, cannot be pursued on behalf of a class as a result of the class action

17  settlement in the case entitled *Hines v. Constellis Integrated Risk Management*

18  *Services, et al.*, filed in the Los Angeles County Superior Court (Case No.

19  20STCV26962) (*Hines*).  As noted in Plaintiff and Defendants' Joint Report (Dkt. #

20  52), on January 25, 2024, in *Hines*, Judge Christopher K. Lui entered an Order

21  Granting Final Approval of Class Action and Representative Action Settlement,

22  Service Award, and Reasonable Attorneys' Fees and Costs in its entirety.  Thus, as

23  noted in the Joint Report (Dkt. # 52) and Paragraph 1 of Plaintiff's SAC, Plaintiff has

24  agreed to bring this action individually, and not on behalf of a class.

25

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

26

(Failure to Use Ordinary Care)

27      Any recovery on Plaintiff's SAC, or any purported cause of action alleged

28  therein, is barred by Lab. Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary

care and diligence in the performance of her duties and failed to comply substantially
with the reasonable directions of her employer.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

(Policies Prohibiting Unlawful Conduct)

Any recovery on Plaintiff's SAC and each purported cause of action alleged
therein is barred in whole or in part because Defendant CSI maintained policies
prohibiting the unlawful conduct of which Plaintiff complains.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

(Consent/Contribution)

Plaintiff's claims are barred in whole or in part to the extent she consented to
or participated in the alleged wrongful acts of which she complains in the SAC.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Accord and Satisfaction)

Plaintiff's SAC, and each and every purported cause of action alleged therein,
are barred based on one or more accords and satisfactions.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

(Failure To Take Advantage of Corrective Opportunities/Avoidable Consequences)

Any recovery on Plaintiff's SAC and each purported cause of action alleged
therein must be barred or reduced under the avoidable consequences doctrine to the
extent that Plaintiff did not exercise reasonable care and failed to take advantage of,
and exhaust, the preventive or corrective opportunities provided by Defendant CSI.
Defendant CSI maintains and enforces policies and procedures prohibiting unlawful
conduct, and reporting of the same. Plaintiff's reasonable use of these procedures
would have prevented some or all of the alleged harm. However, Plaintiff
unreasonably failed either to take advantage of preventive or corrective opportunities
provided by Defendant CSI or to otherwise avoid the alleged harm. To the extent
Plaintiff alleges she availed herself of Defendant CSI's reporting or complaint
procedures, any such report or complaint was promptly and adequately investigated

and appropriate remedial measures were taken, if applicable.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Good Faith)

Defendants acted reasonably, lawfully, and in good faith with reference to Plaintiff at all times material herein based on all relevant facts and circumstances known to it, and in good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to them at the time.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Injury or Damages)

Plaintiff's SAC and each and every purported cause of action alleged therein fails because Plaintiff has not suffered any injury or damages as a result of the conduct alleged in the SAC.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Plaintiff's Own Acts)

Any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of Plaintiff for whose conduct Defendants are not responsible; and in the event Defendants are found liable for any damages asserted, Defendants are entitled to have their liability diminished in proportion to the damages attributable to the culpable conduct of Plaintiff.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Unjust, Arbitrary and/or Confiscatory)

Plaintiff is not entitled to the recovery she seeks because it would be unjust, arbitrary, oppressive, and/or confiscatory.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Substantial Compliance)

Plaintiff's SAC, and each and every purported cause of action alleged therein, is barred because Defendants were only required to and did substantially comply with

the applicable laws.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Acts of Others/Intervening Events)

Defendants are informed and believe and, thereon, allege that at all times mentioned herein, Defendants did not contribute to Plaintiff's injuries and damages, if any, whatsoever, and any damages or injuries sustained by Plaintiff and proved to be sustained by Plaintiff were the direct and proximate result of the independent, intervening, negligent and/or intentional conduct of independent third parties and their agents for which Defendants are not responsible.

### NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Respondeat Superior Liability)

Defendants cannot be held vicariously liable for any alleged unlawful conduct by its current and/or former employees because any unlawful or other wrongful acts attributed to any person(s) employed by Defendants were committed outside the course and scope of their employment and such acts, if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know or have reason to be aware of such alleged conduct.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

(No Requisite Willfulness, Knowledge or Intent)

Defendants at all material times lacked the willfulness and/or the requisite knowledge and/or intent to do any act or make any statement alleged in the SAC and thus, Plaintiff's causes of action predicated on such willfulness knowledge or intent are barred as a matter of law.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Good Faith Dispute)

Although Defendants generally and specifically deny that they owes any amounts to Plaintiff, if it should be determined that any amounts are owed, Defendants are informed and believe and based thereon allege that there has existed

at all times relevant a good faith dispute as to whether and when the benefits or amounts claimed by Plaintiff in the SAC were due to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Full Compensation/Waiver)

Any recovery on Plaintiff's SAC with respect to the allegations that Plaintiff has been deprived of wages and benefits by Defendants' alleged conduct is barred because Plaintiff was paid all compensation and benefits to which she was entitled and to which she voluntarily agreed and expected.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(*De Minimis*)

Plaintiff's SAC and each and every purported claim for relief alleged therein, are barred, in whole or in part, because any losses are *de minimis* and cannot be recovered.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Rest Periods Authorized and Permitted)

Plaintiff's SAC and each and every purported claim for relief alleged therein fail, in whole or in part, because Plaintiff was authorized and permitted to take all rest periods as required by applicable law, including without limitation the applicable IWC Wage Order.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Waiver of Rest Breaks)

Plaintiff's SAC and each and every purported claim for relief alleged therein fail, in whole or in part, because to the extent that she did not take any rest periods that she was authorized and permitted to take, Plaintiff voluntarily waived her right to or otherwise elected to forego such breaks for reasons unrelated to Defendants, and is not entitled to compensation under Labor Code § 226.7 or otherwise. *See Brinker Restaurant Corp. v. Sup. Ct.*, 53 Cal. 4th 1040 (2012).

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (No *Prima Facie* Showing of Certifiable Class/No Certifiable Class)

Plaintiff's SAC, and each and every purported cause of action alleged therein, to the extent brought as a putative class action on behalf of any putative class members she seeks to represent, fail as a matter of law because the SAC and Plaintiff fail to make a *prima facie* showing of any certifiable class – and no class can be certified – pursuant to Fed. R. Civ. P. 23 or any other law.

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Statutory Exemptions For Union-Represented Employees)

Plaintiff's direct and derivative claims in the FAC for rest break violations to the extent they are brought as direct statutory claims on behalf of herself or putative class members fail due to the statutory exemptions set forth in Cal. Lab. Code § 226.7 that apply to union represented employees and/or union licensed security officers such as Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Preempted By Section 301 of Labor Management Relations Act)

Plaintiff's SAC, and each and every purported cause of action alleged therein, is barred in whole or in part, because it is preempted by Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185(a); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 933, 997 (9th Cir. 1987); *Ramirez v. Fox Television Station*, 998 F.2d 743, 748 (9th Cir. 1993).

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Waiver Based on Failure of Demand Payment)

Plaintiff's SAC, and each and every purported cause of action alleged therein, is barred by the doctrines of waiver, ratification, acquiescence, consent and/or agreement based on her acceptance of wages paid to her throughout her employment without protest.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

(Wages Timely and Properly Paid)

Plaintiff's SAC, and each and every purported cause of action alleged therein, fails insofar as Defendants timely and properly paid Plaintiff for all hours worked, and all such wages were paid in accordance with the form and timing and other requirements of the California Labor Code.

## THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Entitlement to Reasonable Attorney Fees and Costs)

This lawsuit is frivolous, unreasonable, or without foundation and, as a result, Defendants are entitled to recover their costs and attorney's fees from Plaintiff, and hereby seeks that recovery.

## THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Non-Employing Entity)

Plaintiff's claims against CGL fail because CGL never employed Plaintiff.

## THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Reservation of Rights – As to All Causes of Action)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional defenses available.  Defendants reserve the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendants pray for judgment in their favor as follows:

1.    That Plaintiff takes nothing by way of her SAC;

2.    That the SAC be dismissed in its entirety as against Defendants, with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief in the action;

1   4.   For costs of suit incurred herein, including reasonable attorneys' fees

2       pursuant to applicable law; and

3   5.   For such other and further relief as the Court deems just and proper.

4

5   DATED:  April 19, 2024          **McGuireWoods LLP**

6

7                                   By: /s/ Sabrina Beldner

8                                       Sabrina A. Beldner, Esq.
                                        Natalie M. Lagunas, Esq.

9
                                    Attorneys for Defendants
10                                  CENTERRA SERVICES
                                    INTERNATIONAL, INC. and
11                                  CENTERRA GROUP, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1

**<u>CERTIFICATE OF SERVICE</u>**

2

      I hereby certify that on April 19, 2024, I electronically transmitted the

3

foregoing document to the Clerk's Office using the CM/ECF System for filing and

4

service via transmittal of a Notice of Electronic Filing.

5

      I declare under penalty of perjury under the laws of the United States of

6

America that the foregoing is true and correct.

7

      Executed on April 19, 2024, at Los Angeles, California.

8

9

                  /s/ Sabrina Beldner

10

                  Sabrina Beldner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28